866 So.2d 737 (2004)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, DIVISION OF DRIVER LICENSES, Petitioner,
v.
Alessandro Marci POSSATI, Respondent.
No. 3D03-840.
District Court of Appeal of Florida, Third District.
February 11, 2004.
*738 Enoch J. Whitney, General Counsel, and Rhonda F. Goodman, and Carlos J. Raurell, Assistant General Counsels, for petitioner.
Robert S. Reiff, Miami, for respondent.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.

ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
This cause comes before us on the Department of Highway Safety and Motor Vehicles' ("DHSMV"), motion for rehearing and clarification of our denial of a petition for writ of certiorari. DHSMV's petition sought to quash a decision of the circuit court, sitting in its appellate capacity, which reinstated the respondent's driver's license after he refused to take the breathalyzer test. Because we find that *739 the circuit court departed from the essential requirements of law resulting in a miscarriage of justice, we vacate our earlier decision and grant DHSMV's petition for certiorari.
On March 23, 2002, a car driven by the respondent, Alessandro Marco Possati, collided with a parked, marked decoy police vehicle. Possati was apprehended by Miami police officer St. Surin. The officer detected a strong smell of alcohol from Possati and noted that he had watery, bloodshot eyes. A DUI unit was called to the scene, and Officer Abad, a DUI-trained officer, administered sobriety tests to Possati, who allegedly failed them. Possati was read an implied consent warning but refused to submit to the breathalyzer test. He was arrested, given Miranda warnings, and issued a citation for DUI. His driver's license was suspended under section 322.2615(1)(a), Florida Statutes (2001).[1]
Possati requested a formal review hearing. Both police officers, St. Surin and Abad, appeared at the hearing. Abad could not recall Possati's performance on the sobriety tests or his arrest, and none of the written incident reports were sufficient to refresh his memory. The hearing officer found there was competent, substantial evidence for sustaining the suspension of Possati's driving privilege.
Possati petitioned the circuit court for certiorari review. That court found that there had been a departure from the essential requirements of the law and a procedural due process violation because (1) Possati's Sixth Amendment confrontation right[2] was abridged due to Officer Abad's inability to recall the field sobriety tests and (2) Officer Abad's report was admitted without a proper predicate being laid for a past recollection recorded. The court granted Possati's petition and reinstated his driver's license. DHSMV petitioned this court for certiorari to quash the circuit court's order. This court denied the petition. DHSMV moved for rehearing and clarification. We now grant rehearing and quash the decision of the circuit court.
The standard of review for a district court of appeal reviewing a decision of a circuit court in its appellate capacity is whether the circuit court violated a clearly established principle of law resulting in a miscarriage of justice. Combs v. State, 436 So.2d 93, 96 (Fla.1983). To justify this court's issuance of a writ of certiorari, the circuit court's departure from the essential requirements of the law must be more than simple legal error. See Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla. 2000). In determining whether the lower court violated an established principle of law, the district court may consider, among other things, recent controlling case law, rules of court, statutes, and constitutional law. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla. 2003).
This case is controlled by section 316.1932, Florida Statutes (2001), which provides that anyone who accepts the privilege of operating a motor vehicle under Florida law thereby consents to submit to a breath test for the purpose of determining the alcohol content of his or her breath, provided that the person is lawfully arrested by an officer who has reasonable *740 cause to believe the person has been driving under the influence of an intoxicating substance. If the suspect refuses the breath test, his or her driver's license is suspended for at least one year.[3]
The DHSMV hearing officer who reviewed Possati's case was limited to reviewing (1) whether the arresting officer had probable cause to believe Possati was driving while intoxicated, (2) whether Possati was placed under lawful arrest for driving while intoxicated, (3) whether Possati refused to submit to a breath test requested by the officer, and (4) whether, when he refused the test, he was given the proper warning that his license would be suspended. See § 322.2615, Fla. Stat. (2001).[4] The third and fourth points were undisputed and answered affirmatively by the record.
Thus, the sole question before us is whether the record reflects that the arresting officer had probable cause to believe that Possati was driving while intoxicated. A finding of probable cause would be dispositive of both the first and second points above. See D'Agostino v. State, 310 So.2d 12, 15 (Fla.1975)("[I]n order to make a valid arrest probable cause must exist prior thereto.").
"Probable cause" is "a reasonable ground of suspicion supported by circumstances strong enough in themselves to warrant a cautious person in belief that the named suspect is guilty of the offense charged." Johnson v. State, 660 So.2d 648, 654 (Fla.1995). Probable cause for a DUI arrest must arise from facts and circumstances that show a probability that a driver is impaired by alcohol or has an unlawful amount of alcohol in his system. *741 State v. Kliphouse, 771 So.2d 16, 22 (Fla. 4th DCA 2000); see also § 316.193(1)(a), Fla. Stat. (2001).[5]
Possati argues that the smell of alcohol on his breath alone was insufficient to constitute probable cause. See Kliphouse, 771 So.2d at 23. This, however, was not the sole basis for a probable cause determination in this case. In combination, the smell of alcohol on Possati's breath, his observably bloodshot and watery eyes, and, most significantly, the uncontested fact that he had just crashed his car into a parked police vehicle, were more than sufficient to establish probable cause for a lawful DUI arrest by the arresting officer. Therefore, Possati's refusal to take a breath test, under the plain language of the statute, justified the suspension of his driver's license. Accordingly, no inquiry into the admissibility of Officer Abad's testimony or police report was needed. The hearing officer had competent, substantial evidence for sustaining the suspension of Possati's driving privilege in Officer St. Surin's testimony without even considering the testimony of Officer Abad.
Thus, we conclude that the circuit court departed from the essential requirements of law by not following the clearly established dictates of the statute, which, under the facts of this case, are dispositive of the issue of Possati's license suspension. Instead, the circuit court seemingly went astray in its analysis by addressing possible due process violations regarding testimony that was wholly unnecessary for a probable cause determination. In so doing, the court made Possati exempt from the requirements of the DUI statute without any legal basis for doing so. That, we think, was a manifest injustice.
We therefore vacate our earlier denial and grant DHSMV's petition for writ of certiorari quashing the circuit court's decision. We remand to the circuit court with directions that the respondent's driver's license be suspended forthwith for his refusal to submit to the breathalyzer test.
Petition for writ of certiorari granted.
NOTES
[1] The statute provides, in pertinent part: "A law enforcement officer ... shall, on behalf of the department, suspend the driving privilege of ... a person who has refused to submit to a breath ... test authorized by s. 316.1932." § 322.2615(1)(a), Fla. Stat. (2001).
[2] "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him...." U.S. Const. amend. VI.
[3] The statute provides, in pertinent part:

(1)(a) 1. Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state is, by so operating such vehicle, deemed to have given his or her consent to submit to... an infrared light test of his or her breath for the purpose of determining the alcoholic content of his or her blood or breath, ..., if the person is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages, chemical substances, or controlled substances. The chemical or physical breath test must be incidental to a lawful arrest and administered at the request of a law enforcement officer who has reasonable cause to believe such person was driving or was in actual physical control of the motor vehicle within this state while under the influence of alcoholic beverages.... The person shall be told that his or her failure to submit to any lawful test of his or her breath ... will result in the suspension of the person's privilege to operate a motor vehicle....
§ 316.1932(1)(a)1., Fla. Stat. (2001).
[4] The statute provides, in pertinent part:

(7) In a formal review hearing under subsection (6) or an informal review hearing under subsection (4), the hearing officer shall determine by a preponderance of the evidence whether sufficient cause exists to sustain, amend, or invalidate the suspension. The scope of the review shall be limited to the following issues:.... (b) If the license was suspended for refusal to submit to a breath, blood, or urine test:
1. Whether the arresting law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances.
2. Whether the person was placed under lawful arrest for a violation of s. 316.193.
3. Whether the person refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
4. Whether the person was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
§ 322.2615(7)(b), Fla. Stat. (2001).
[5] The statute provides, in pertinent part:

"(1) A person is guilty of the offense of driving under the influence ... if the person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages ... when affected to the extent that the person's normal faculties are impaired[.]"
§ 316.193(1)(a), Fla. Stat. (2001).