911 So.2d 119 (2004)
STATE of Florida, DEPARTMENT OF CHILDREN AND FAMILIES, Petitioner,
v.
David EVERETTE, and State of Florida, Respondents.
Nos. 3D04-2324, 3D04-2366.
District Court of Appeal of Florida, Third District.
October 27, 2004.
Rehearing and Rehearing Denied September 22, 2005.
Hene J. Cantor, for Petitioner.
Bennett H. Brummer, Public Defender, and John E. Morrison, Assistant Public Defender, for Respondents.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied September 22, 2005.
PER CURIAM.
The Department of Children and Family Services ("the Department") petitions this Court for a Writ of Certiorari to quash a trial court Order which requires the Department to arrange for the transportation of the defendant, David Everette, to Miami, Florida, from Marianna, Florida, for court-appointed expert evaluations.
Mr. Everette was charged with first degree felony attempted murder and aggravated assault with a deadly weapon in 1994. After approximately two years, the court dismissed the charges against Mr. Everette, finding that the "Defendant has been incompetent to proceed due to Mental Retardation for over two years and that there is no substantial probability that he will regain mental competency to participate in these legal proceedings in the foreseeable future." Consequently, the court committed Mr. Everette, pursuant to section 393.11, Florida Statutes, "to the Department of Children and Families for secure Residential Placement and appropriate services for a period of time that shall not exceed the maximum sentence for the crime for which he was charged." (emphasis added).
The defendant was subsequently admitted to Pathways, a secure, forensic residential facility run by the Department. In August of 2004, Pathways was relocated from Miami, Florida, to Marianna, Florida. During the Pathways relocation, Mr. Everette's case was called for its annual hearing. At the hearing, the trial court appointed two expert witnesses to evaluate Mr. Everette, and directed the Department *120 to transport Mr. Everette for the evaluations. The Department objected, arguing that pursuant to section 916.107(10), Florida Statutes, the County Sheriff is responsible for transporting Mr. Everette. The Court denied the Department's Motion to Order the County Sheriff to transport Mr. Everette for the evaluations, and ordered the Department to coordinate the evaluations, including scheduling and transporting Mr. Everette (Case No. 3D04-2324). The Court subsequently entered an Order to Comply with the Order to Transport (Case No. 3D04-2366). The Department seeks a writ of certiorari from both Orders.
Although Everette was involuntarily committed pursuant to section 393.11, Florida Statutes, which does not provide any guidance regarding transportation of the "client," we find that section 916.107(10), Florida Statutes, governs the transportation issue in the instant case.
Specifically, section 916.107(10), provides:
The sheriff shall consult with the governing board of the county as to the most appropriate and cost-effective means of transportation for forensic clients committed for treatment or training.... After such consultation with the governing board of the county, the sheriff shall determine the most appropriate and cost-effective means of transportation for forensic clients committed for treatment or training.
§ 916.107(10)(a), Fla. Stat. (2003). Moreover, section 916.105, explains the legislative intent of the chapter:
It is the intent of the Legislature that the Department of Children and Family Services establish, locate, and maintain separate and secure facilities and programs for the treatment or training of defendants who are charged with a felony and who have been found to be incompetent to proceed due to their mental illness, retardation, or autism, or who have been acquitted of felonies by reason of insanity, and who, while still under the jurisdiction of the committing court, are committed to the department under the provisions of this chapter.
§ 916.105(1), Fla. Stat. (2003)(emphasis added).
In the instant case, the trial court dismissed Everette's criminal case pursuant to section 916.145, Florida Statutes (1996), committed Everette, pursuant to section 393.11, Florida Statutes, to the Department, and retained jurisdiction over Everette.
Section 916.145, which has since been renumbered to section 916.303(a), Florida Statutes (2003), required the dismissal of charges against a defendant who is adjudicated incompetent to stand trial two years after such adjudication. § 916.145, Fla. Stat. (1996). Moreover, section 916.13, Florida Statutes (1996), required that "if criminal charges are subsequently dropped and the client is involuntarily admitted to retardation residential services, the placement at the secure facility may be continued if so ordered by the committing court following a hearing with the same due process requirements as set out in s. 393.11 for an initial involuntary admission." § 916.13(b), Fla. Stat. (1996). Currently, section 916.303, Florida Statutes (2003), provides that if charges against an incompetent defendant are dismissed, the department, the state attorney, or the defendant's attorney may ask the trial court to involuntarily commit the defendant pursuant to section 393.11, Florida Statutes. § 916.303(2)(a), Fla. Stat. (2003). Consequently, Mr. Everette is clearly a "forensic client," within the meaning of section 916.106(7), Florida Statutes (2003), i.e., a "defendant who is mentally ill, retarded, or autistic and who is committed to the department *121 pursuant to this chapter and: (a) Who has been determined to need treatment for a mental illness or training for retardation or autism; (b) who has been found incompetent to proceed on a felony offense or has been acquitted of a felony offense by reason of insanity; (c) Who has been determined by the department to: 1. Be dangerous to himself or herself or others;. . . ." § 916.106(7), Fla. Stat. (emphasis added). Thus, contrary to the dissent's suggestion, section 916.107(10)(a), Florida Statutes, does apply in the instant case. See Palm Beach Co. Sheriff v. State, 854 So.2d 278 (Fla. 4th DCA 2003)(Department was ordered to advise the Sheriff's office where to deliver the defendants, who were determined to be incompetent to stand trial).
Accordingly, we find that the trial court departed from the essential requirements of the law in placing the responsibility to transport Mr. David Everette from Marianna, Florida, to Miami, Florida, for court-appointed expert evaluations on the Department of Children & Families. Section 916.107(10), Florida Statutes (2004), which governs transporting forensic clients, places the transportation responsibility on the Sheriff. § 916.107(10)(a), Fla. Stat. (2003).
The housing issue raised by the State is a non-issue because there is no Order requiring anyone to arrange for housing while the defendant is evaluated. Consequently, the normal procedure would apply.
We grant the Department's Petitions for Writ of Certiorari and quash the trial court's Order requiring the Department to transport Mr. Everette. If the trial court deems the transport necessary, the court should Order the County Sheriff to arrange for Mr. Everette's transportation, not the Department.
Certiorari granted, orders quashed, and remanded.
LEVY and FLETCHER, JJ., concur.
RAMIREZ, J., (dissenting).
I must respectfully dissent. The majority opinion would have the trial court order the County Sheriff to arrange for Mr. Everette's transportation when the sheriff is not a party to this litigation, has been given no notice, and has had no opportunity to be heard on the matter. To justify its decision, the majority cites a statute that applies to criminal defendants, while Everette is a mentally retarded person who was involuntarily admitted to residential services under a different statute.

I. FACTUAL BACKGROUND
Respondent David Everette was charged with attempted first degree murder in 1994. After he was found not competent, his charges were dismissed in 1996 and he was involuntarily committed to a secure residential setting pursuant to section 393.11, Florida Statutes (1996).[1] In 1997, Everette was admitted to "Pathways," a secure, forensic residential facility of the petitioner that treats clients of the department's mentally retarded program. See Part III, Ch. 916, Fla. Stat. (2004). In *122 an evaluation conducted in November, 2003, the department determined that Everette could be transferred to a non-secure facility.
Although we have a very limited record given that this is a petition for writ of certiorari, it is evident that the department did nothing with this evaluation and recommendation, Seven months later, on June 21, 2004, the department submitted a "Notice of Transfer to a Nonforensic Residential Setting and Notice of Termination of this Court's Jurisdiction upon Transfer to Nonforensic Placement." In it, the department states that it intends to transfer Everette from Pathways to a licensed Medicaid waiver group home, "Baker Group Home, Inc." located in Miami, Florida.
On August 2, 2004, the trial court held a hearing and determined that it needed to schedule an annual hearing under section 916.303(2)(b), Florida Statutes (2004), to determine whether Everette still met the criteria for secure residential placement.[2] The court, therefore, entered a written order appointing two expert witnesses to evaluate Everette. The court also orally ordered the department to be responsible for the coordination of the evaluations, including the scheduling and the transportation. The department objected and the court overruled the objection. No appeal was taken of this order. Instead, on the very next day, August 3, 2004, Everette was sent out of Miami-Dade County to Marianna, Florida, approximately 550 miles away. His move was in conjunction with the relocation of the Pathways facility. Everette now resides in Marianna, Florida.
After another hearing on August 13, 2004, the trial court issued a written order reaffirming its August 2nd order and denying the department's oral motion to have the county sheriff transport Everette. We have not been provided with any transcripts.
On August 25, 2004, the department filed a written motion to transfer jurisdiction over this matter to the Fourteenth Judicial Circuit. This motion was filed "pursuant to section 393.11(11), Florida Statutes (2004)." The trial court promptly denied the motion. The department never filed a written motion to order the sheriff provide for Everette's transportation, a motion which presumably would have been served on the sheriff.

II. LEGAL ANALYSIS
Both the majority opinion and the petitioner rely on section 916.107(10)(a), Florida Statutes, to find fault in the trial court's order directing the department to transport Everette to Miami, Florida. That section provides in its entirety as follows:
The sheriff shall consult with the governing board of the county as to the most appropriate and cost-effective means of transportation for forensic clients committed for treatment or training. Such consultation shall include, but is not limited to, consideration of the cost to the county of transportation performed by sheriff's department personnel as opposed to transportation performed by other means and, if sheriff's department personnel are to be used for transportation, the effect such use will have, if any, on service delivery levels of the sheriff's road patrol. After such consultation with the governing board of the county, the sheriff shall determine the most appropriate and cost-effective means of transportation for forensic clients committed for treatment or training. (Emphasis added).
*123 The statute does not state that all forensic clients must be transported by the sheriff.[3] It merely directs the sheriff to consult with its governing board to determine the most cost-effective means of transporting "forensic clients." After such consultation, the sheriff "shall determine the most appropriate and cost-effective means for transporting forensic clients." In fact, the statute envisions "transportation performed by other means."[4] Notwithstanding, the majority purports to give the trial court the authority to order the sheriff to arrange for the transportation, not the department. Thus, a nonparty would be ordered to transport Everette without notice, a hearing, or opportunity to be heard.
Neither the petition nor this Court's opinion discusses where Everette is to be housed while he is in Miami. Everette's counsel has indicated that the trial court was concerned with Everette's housing pending these court-ordered evaluations. Everette's counsel was justifiably worried that if the sheriff transports Everette, he would end up at the Dade County Jail pursuant to an Eleventh Judicial Circuit Administrative Order. The trial court thought that this would violate section 916.107(1)(a), which states that "a jail may be used as an emergency facility for up to 15 days from the date the department receives a completed copy of the commitment order ..."[5] As Everette was committed on December 18, 1996, the fifteen days have passed. The majority opinion has totally ignored this housing issue and, under the guise of one statute, would have the trial judge violate another. The department, with this Court's complicity, can now not only relieve itself of the responsibility of transporting Everette, but can also shed its obligation to provide for his supervision, all under a statute that does not address this situationa person involuntarily admitted to residential services who was within the county when the proceedings commenced and was transported out of this jurisdiction after the court had ordered his evaluation.
The basic problem with the majority's reliance on section 916.107(10) is that this statute does not apply to Everette and has not applied to him since 1996, when the state dismissed the criminal charges pending against him. Chapter 916 applies to criminal defendants. Everette is no longer a criminal defendant. He is a person who is mentally retarded who was involuntarily committed pursuant to section 393.11, Florida Statutes (1996). The department recognized this in its motion of August 25th when it sought to transfer his case to the Fourteenth Circuit. These commitments are civil, not forensic. The department has cited nothing in chapter 393, nor a careful reading of section 393.11 reveals any provision, governing the transportation of persons involuntarily admitted to residential services.
*124 Without oral argument, transcripts of the proceeding, or any legal precedent, the majority finds that the trial court departed from the essential requirements of law by not applying an inapplicable statute. In Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195, 199 (Fla.2003), the Florida Supreme Court restated a long-standing legal maxim that a ruling constitutes a departure from the essential requirements of law when it amounts to "a violation of a clearly established principle of law resulting in a miscarriage of justice." We recently stated in State, Dept. of Highway Safety & Motor Vehicles, Div. of Driver Licenses v. Possati, 866 So.2d 737, 739 (Fla. 3d DCA 2004), that "[t]o justify this court's issuance of a writ of certiorari, the circuit court's departure from the essential requirements of the law must be more than simple legal error." We went on to explain that "[i]n determining whether the lower court violated an established principle of law, the district court may consider, among other things, recent controlling case law, rules of court, statutes, and constitutional law." Possati, 866 So.2d at 739. The majority can cite to no case law, rule of court or constitutional law that has been violated. It must rely only on a statute generally directing the sheriff to find the most affordable transportation method for criminal defendantsa statute which does not apply to Everette, a person involuntarily admitted to a secure residential facility.
We have a situation where a person committed to the custody of the department was within Miami-Dade County on August 2, 2004, when the trial court ordered the two expert evaluations and imposed the obligation on the department of coordinating the evaluations and providing the transportation. The trial court overruled the department's objection. Instead of appealing the court's order, the department chose to ignore it and shipped Everette 550 miles away. "It is essential that our courts have the judicial power to enforce their orders; otherwise, judgments are only advisory. If a party can make oneself a judge of the validity of orders issued by trial courts, and by one's own act of disobedience set them aside, then our courts are devoid of power, and the judicial power, both federal and state, would be a mockery." Johnson v. Bednar, 573 So.2d 822, 824 (Fla.1991). As the Supreme Court stated in the leading case of Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450, 31 S.Ct. 492, 55 L.Ed. 797 (1911), "[w]ithout authority to act promptly and independently the courts could not administer public justice or enforce the rights of private litigants." By our decision today, we are seriously undermining the authority of our circuit courts to administer justice and enforce the rights of the least powerful in our legal system, the incompetent.
Clearly, the circuit court had continuing jurisdiction "to enter further orders to ensure that the person is receiving adequate care, treatment, habilitation, and rehabilitation." § 393.11(11), Fla. Stat. (2003). The department, when confronted with an uncooperative judge, can simply move people to the furthest location in the state during the middle of the judicial proceeding and thereby thwart the court's jurisdiction. After today, this statutory grant of jurisdiction will be subject to the whims and arbitrary actions of the department.
I am not persuaded that the trial court departed from the essential requirements of law. On the contrary, I believe that under the circumstances the trial court's order was entirely appropriate. I would deny the petition.
NOTES
[1] In its petition, the department repeatedly and disingenuously refers to Everette as a "defendant" when it well knows that he has not been a defendant for almost eight years. It also states that the December 18, 1996 order "involuntarily committed defendant to a secure, forensic residential setting pursuant to § 916.145, Fla. Stat. (1996) and § 393.11, Fla. Stat. (1996)." In its order, however, the court clearly states that pursuant to section 393.11, Florida Statutes, Everette's commitment to a "Developmental Service residential setting [was] necessary." The court further ordered Everette's commitment to a "secure Residential Placement." As will be seen later, these are important distinctions.
[2] This statute repeatedly refers to "residential services" under section 393.11.
[3] "Forensic client" is defined under section 916.106(7), Florida Statutes, as "any defendant...." The majority assumes without discussion that Everette is a forensic client.
[4] Section 916.107(10)(b), Florida Statutes, states that "[t]he governing board of each county is authorized to contract with private transport companies for the transportation of such clients to and from a facility."
[5] The department has been known to disregard this statute. See Palm Beach County Sheriff v. State, 854 So.2d 278 (Fla. 4th DCA 2003), where five defendants had to file petitions for writs of habeas corpus seeking their release from the Palm Beach County Jail because the department had failed to take custody of them within fifteen days of commitment as mandated by section 916.107(1)(a). The sheriff unsuccessfully sought reimbursement from the department for the costs it had expended on housing and caring for the petitioners.