915 So.2d 685 (2005)
STATE of Florida, Petitioner,
v.
Christine Marie FARINO, Jeanne Walicki, Sheila Thomas, April Daniels, Karen Ribble, Theodora Lozensky, Dawn Acker, Wendy Robinson, Heather Johannesen, and Amy Dittola, Respondents.
No. 2D04-3739.
District Court of Appeal of Florida, Second District.
November 4, 2005.
Rehearing Denied December 19, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robert J. Krauss, Chief Assistant Attorney General, Tampa, and Bernie McCabe, State Attorney, and C. *686 Marie King, Assistant State Attorney, Clearwater, for Petitioner.
Luke Lirot of Luke Charles Lirot, P.A., Tampa, for Respondents.
KELLY, Judge.
The State seeks certiorari review of a circuit court order affirming the dismissal of lewdness charges against the respondents. We grant the petition.
The respondents were working at adult entertainment establishments when they were arrested and charged under section 796.07(2)(e), Florida Statutes (2002),[1] which makes it unlawful "[t]o offer to commit, or to commit, or to engage in, prostitution, lewdness, or assignation." In county court, the respondents moved to dismiss the charges pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), contending that the State failed to allege an essential element of the offense, that one or more persons were offended by the conduct. They argued that a law enforcement officer acting in his official capacity cannot be an offended party because the officer is not within the class of individuals sought to be protected from such conduct.
The county court granted the respondents' motion to dismiss. In its order, the sole question the court addressed was whether a violation of section 796.07(2)(e) could be proved if the only person allegedly offended by the conduct was an undercover officer acting in his official capacity. In finding that it could not, the court relied upon Schmitt v. State, 590 So.2d 404, 410 (Fla.1991), which holds that under Florida criminal law the terms "lewd and lascivious" require an intentional act of sexual indulgence or public indecency, when such act causes offense to one or more persons viewing it or otherwise intrudes upon the rights of others. The State appealed to the circuit court, which adopted the county court's reasoning and affirmed.
In reviewing an order of the circuit court acting in its appellate capacity, we determine only whether the circuit court afforded the petitioner procedural due process and whether the court applied the correct law. Dusseau v. Metro. Dade County Bd. of County Comm'rs, 794 So.2d 1270 (Fla.2001). The failure to apply the correct law must be more than a simple legal error in order to warrant the issuance of a writ of certiorari. Hous. Auth. v. Burton, 874 So.2d 6 (Fla. 2d DCA 2004). There must be a violation of a clearly established principle of law resulting in a miscarriage of justice. Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000). In determining whether the circuit court violated a clearly established principle of law, this court may consider recent controlling case law, rules of court, statutes, and constitutional law. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003).
The issue the parties have framed for us is whether section 796.07(2)(e) requires as an element of an offense involving lewdness that a person witnessing the conduct be offended. To impose such a requirement, the circuit court relied upon the definition of lewd found in Schmitt, a case which concerned the constitutionality of section 827.071, Florida Statutes (1987) (prohibiting sexual performances by a child or the sexual exploitation of children). That statute did not contain any provision defining lewd. Accordingly, the court had to craft its own definition. In contrast, section 796.07(1)(b) defines lewdness *687 as any indecent or obscene act. It does not require that the conduct be witnessed by others who are offended. See Hall v. Stewart, 297 F.Supp.2d 1328 (S.D.Fla.2004) (holding that offensiveness to others is not an element of the offense under section 796.07 and distinguishing Schmitt and other cases because the statutes involved in those cases did not provide a statutory definition of lewdness). Furthermore, the statutory definition as written has been held to "convey a sufficiently definite warning of proscribed conduct when measured by common understanding and practice." Bell v. State, 289 So.2d 388, 390 (Fla.1973). See also State v. Waller, 621 So.2d 499, 501 (Fla. 2d DCA 1993) (holding that in defining lewdness in section 796.07 as "indecent or obscene," the legislature "did not suggest that it intended a narrower definition than the common understanding courts have employed to explain that term as a crime involving the concept of indecency").
We therefore conclude that the circuit court departed from the essential requirements of law in failing to apply the statutory definition of lewdness and instead applying the definition found in Schmitt. The circuit court's decision exempts from prosecution individuals whose conduct clearly falls under the statute, resulting in a miscarriage of justice. See Dep't of Highway Safety & Motor Vehicles, Div. of Driver Licenses v. Possati, 866 So.2d 737 (Fla. 3d DCA 2004). Accordingly, we grant the State's petition for writ of certiorari, quash the circuit court's order, and remand with directions to reinstate the charges against the respondents in accordance with this opinion.
NORTHCUTT and CASANUEVA, JJ., Concur.
NOTES
[1] Effective July 1, 2005, subsection (3)(b) was amended to provide that "a police officer may testify as an offended party in an action regarding charges filed pursuant to this section." See Ch.2005-219, § 1, at 1501, Laws of Fla. We note that subsection (1)(b) defining lewdness as "any indecent or obscene act" was not changed.