CORTINAS, Judge.
We review a petition for writ of certiora-ri and prohibition filed by the Agency for Persons with Disabilities (“Petitioner”). Petitioner challenges a court order requiring that, at least every other month, it transport Respondent from his residential placement location in Mount Dora, Florida to Miami, Florida, which involves a five- *456 hour trip each way, for the purpose of visiting Respondent’s mother.
In 1997, Respondent was charged with second degree murder for causing the death of his four and one-half month old siblings by tossing them from a six-story balcony to the ground. Respondent was later found to be incompetent to stand trial due to his mental retardation, and was involuntarily admitted to a residential service treatment facility in Miami, Florida. In 2005, Petitioner gave notice that the residential facility in Miami was closing and that it was relocating Respondent to a facility in Mount Dora, which it determined to be the most appropriate placement for continued training and treatment. There has been no showing that Respondent has received inadequate training or treatment in any facility. Respondent was moved to the Mount Dora facility in June 2005.
In January and February of 2006, the trial court conducted two hearings to address concerns raised by Respondent’s mother, who resides in Miami, that it was costing her too much money to visit her son in Mount Dora. After these hearings, the court issued an “Order to Transport for Family Visitation,” which directed Petitioner to transport Respondent at least every other month from Mount Dora to Miami for the purpose of visiting his mother. The order further stated that any failure by Petitioner to comply would be sanctioned by the trial court.
Petitioner requests a writ of certiorari on the basis that the order under review departed from the essential requirements of the law. Johnson v. State, 728 So.2d 1204 (Fla. 3d DCA 1999). Alternatively, Petitioner seeks a writ of prohibition on grounds that the trial court was without jurisdiction or acted in excess of its jurisdiction in issuing its order. See English v. McCrary, 348 So.2d 293 (Fla.1977); Dep’t of Health and Rehabilitative Servs. v. Schreiber, 561 So.2d 1236 (Fla. 4th DCA 1990).
Recently, in State v. Everette, 911 So.2d 119 (Fla. 3d DCA 2004), we granted certio-rari and quashed an order requiring the Department of Children and Families (“DCF”) to transport Everett from his residential facility in Marianna, Florida to Miami, Florida for court-appointed expert evaluations that were mandated by statute. In Everette, we noted that section 393.11, Florida Statutes, under which Everett as well as Respondent herein were involuntarily committed, did not provide any guidance as to who was responsible for an individual’s transportation. See id. at 120. However, because Everett concerned a statutorily-mandated evaluation under section 916.303(2)(b), Florida Statutes (2004), to determine whether Everett continued to meet the criteria for secure residential placement, we found that section 916.107(10), Florida Statutes (2004), governed the issue of who was responsible for providing transportation, namely the Sheriffs Office. Everette, 911 So.2d at 120-21. Accordingly, we held that the trial court departed from the essential requirements of the law in ordering DCF to transport Everett. Id.
In this case, we deal with a court-ordered transportation of an individual committed to residential placement under section 393.11, Florida Statutes (2005), for a purpose that is not mandated by any statute or rule. As such, Petitioner argues that agency decisions concerning the transportation of individuals who are receiving residential services under section 393.11 constitute executive agency decisions which implicate determinations regarding the prioritizing of its funds. Petitioner maintains that these are matters not assigned to the judiciary to resolve. See Dep’t of Children & Family Servs. v. I.C., 742 So.2d 401, 404 (Fla. 4th DCA 1999).
*457 Nevertheless, Respondent cites to section 393.11(11) in support of his claim that the trial court acted within its authority. Section 393.11(11) provides, in pertinent part:
CONTINUING JURISDICTION. — The court which issues the initial order for involuntary admission to residential services under this section shall have continuing jurisdiction to enter further orders to ensure that the person is receiving adequate care, treatment, habil-itation, and rehabilitation, including psychotropic medication and behavioral programming.
§ 393.11(11), Fla. Stat. (2005).
We agree that the trial court has continuing jurisdiction to ensure that individuals such as Respondent are receiving “adequate care, treatment, habilitation, and rehabilitation, including psychotropic medication and behavioral programming.” However, the record in this case is devoid of any evidence or finding that the transportation of Respondent for a family visitation would address, much less serve, any of these purposes. While section 393.11(11) affords continuing jurisdiction to the trial court, the statute also expressly limits the matters over which this continuing jurisdiction may be exercised. We find that the trial court did not have continuing jurisdiction or authority to issue an order concerning the transportation of Respondent for family visitations and, therefore, the order departed from the essential requirements of the law.
Accordingly, we grant the petition for writ of certiorari and quash the order under review.
Certiorari granted; order quashed; and cause remanded.