ON MOTION FOR REHEARING
PER CURIAM.
Respondent, Biomechanical Trauma Association, Inc. (Biomechanical), seeks rehearing of our opinion granting a petition for writ of certiorari in this case. It argues that we should retract our decision in light of the supreme court’s recent opinion in Ivey v. Allstate Insurance Co., 774 So.2d 679 (Fla.2000). We conclude that certiorari was improvidently granted in this case.
Petitioner, Progressive Specialty Insurance Company (Progressive), sought review of the circuit court’s appellate opinion affirming the county court’s final judgment in favor of Biomechanical. The trial court had entered final judgment in the amount of $131.09 on the mistaken belief that an insurer, as a condition precedent to reducing medical charges and/or defending a lawsuit for benefits, must first obtain a report from a physician licensed with the same level of licensure as the treating physician stating that the charges are excessive. The circuit court affirmed this erroneous ruling. Thereafter, the circuit court recognized its error and receded from this case in a subsequent appeal. State Farm Mut. Auto. Ins. Co. v. Lockett, No. 00-236 (Fla. 13th Jud. Cir. July 10, 2000).
Although we disagree with the outcome in both the county court and the circuit court, we conclude that Progressive was not deprived of due process in the circuit court. As an isolated error, the circuit court’s affirmance in this case cannot be characterized as a miscarriage of justice. Given that the circuit court has already receded from its opinion in this case, it will have no adverse precedential affect upon future cases. Although the legal analysis in our opinion, which has already been published as Progressive Specialty Insurance Co. v. Biomechanical Trauma Ass’n, Inc., 773 So.2d 1174 (Fla. 2d DCA 2000), appears correct, we withdraw that opinion. Based on the supreme court’s ruling in Ivey, we deny the petition for writ of certiorari.
ALTENBERND, A.C.J., and CASANUEVA, J„ and CAMPBELL, MONTEREY, (Senior) Judge, concur.