813 So.2d 141 (2002)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
John R. ALLISTON, Respondent.
No. 2D01-852.
District Court of Appeal of Florida, Second District.
March 13, 2002.
*142 Enoch J. Whitney, General Counsel, and Kathy A. Jimenez, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Miami, for petitioner.
Eilam Isaak, Tampa, for respondent.
ALTENBERND, Judge.
The Department of Highway Safety and Motor Vehicles (the DHSMV) seeks certiorari review of a circuit court order granting certiorari and quashing an order of the DHSMV. The DHSMV's order suspended the driver's license of John R. Alliston based upon his arrest for driving under the influence of alcohol. The circuit court quashed the administrative order because it concluded that the DHSMV failed to present competent, substantial evidence to establish that the breathalyzer test administered to Mr. Alliston was performed in substantial compliance with administrative rules. We conclude that the circuit court *143 departed from the essential requirements of law because, as a matter of law, the results of the breathalyzer test were admissible in evidence before the administrative hearing officer and were presumptive proof of impairment.
On April 12, 2000, John Alliston was found asleep at the wheel of his vehicle, which was stopped in the middle of a road. After Mr. Alliston performed poorly on field sobriety tests, he was arrested for driving under the influence of alcohol and transported to a breath-testing facility. Mr. Alliston's breath test results were .231 and .235. The arresting officer issued Mr. Alliston a DUI citation pursuant to section 316.193, Florida Statutes (2000), and suspended his driving privileges pursuant to section 322.2615(1)(a), Florida Statutes (2000).
Mr. Alliston requested a formal review of his driver's license suspension. See § 322.2615(1)(b)(3). An administrative hearing officer conducted a hearing on June 14, 2000. At the hearing, the DHSMV placed into evidence a "Breath Alcohol Analysis Report" that included (1) documentation of a twenty-minute observation period and certain agency and test data; (2) an "Agency Inspection Report" dated March 21, 2000, and a "Department Inspection Report" dated April 20, 1999, for the breath test machine used to test Mr. Alliston's breath; (3) the printout from the breath test; and (4) a "Breath Test Result Affidavit."
Mr. Alliston's attorney presented the testimony of the Hillsborough County Sheriff's Department agency inspector. The agency inspector routinely inspects the breath-testing machine used to test Mr. Alliston's breath and also serves as records custodian for the machine, an Intoxilyzer 5000 series. The agency inspector was unable to recall if, in her monthly inspections, she had specifically complied with a requirement that the simulators[1] on the machine be turned on at least thirty minutes before any test, nor could she say whether the DHSMV inspector had complied with this requirement in his last annual inspection. She also did not have the initial registration of the machine used to test Mr. Alliston. Finally, although the "Agency Inspection Report" indicated that five simulators had been used in that inspection, the "Department Inspection Report" did not indicate the number of simulators used in that inspection. Mr. Alliston asserted that because of these deficiencies, the DHSMV could not prove substantial compliance with the applicable rules and statutes, and therefore the breath test results were inadmissible and unreliable.
The hearing officer overruled Mr. Alliston's objections. The hearing officer found that the license suspension was proper and issued a final order accordingly. Mr. Alliston sought certiorari review with the circuit court pursuant to section 322.31, Florida Statutes (2000). The circuit court granted certiorari and reversed the suspension, relying upon a prior decision it rendered in a factually similar case, Royal v. State, Department of Highway Safety & Motor Vehicles, No. 99-3312 (Fla. 13th Cir.Ct. Oct. 28, 1999).[2] In Royal, the circuit court had concluded that similar challenges to the validity of a breath alcohol test were well taken. Apparently, the circuit court concluded in both Royal and *144 in this case that these challenges required that the hearing officer exclude the breath test results from evidence. Once the circuit court regarded this evidence as excluded, then the record did not contain competent, substantial evidence of impairment necessary to support the license suspensions. The DHSMV now seeks a writ of certiorari from this court to quash the circuit court's order in this case.
This case involves "second tier" or "second appeal" certiorari review-that is, we are reviewing a circuit court order entered in its review capacity over a final administrative order. Under these circumstances, the circuit court's standard of review of the administrative order includes the following factors: (1) whether procedural due process was accorded, (2) whether the essential requirements of law were observed, and (3) whether the administrative findings and judgment were supported by competent, substantial evidence. Once the circuit court has issued its order, this court's certiorari review is limited to whether procedural due process was accorded and whether the circuit court applied the correct law. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). Moreover, "second appeal" certiorari requires something more than "simple legal error." To merit a "second appeal," the error must be a violation of a clearly established principle of law resulting in a miscarriage of justice. Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); Combs v. State, 436 So.2d 93 (Fla.1983).
In this case, the circuit court did not apply the correct law. Pursuant to section 322.2615(11), the formal review hearing for this type of license suspension may be conducted based upon a review of the reports of the arresting officer and the documents related to the administration of the breath test. Section 316.1934(5), Florida Statutes (2000), provides that an affidavit containing the results of any breath alcohol test authorized by section 316.1932, Florida Statutes (2000), is admissible in evidence without further authentication and is presumptive proof of the results obtained if the affidavit discloses certain required information. Thus, the statutory scheme places the initial burden upon the DHSMV to present into evidence at the administrative hearing the appropriate documents required by the statutes and the administrative rules to establish a presumption of impairment.
Once the breath test results were admitted into evidence, the record contained competent, substantial evidence of impairment, and the burden shifted to Mr. Alliston. Section 322.2615(11) then provides that "the driver may subpoena the officer or any person who administered or analyzed a breath or blood test." Indeed, Mr. Alliston did not argue that the documents admitted into evidence did not meet the requirements of the statutes. Instead, he argued that the questions he raised about specific procedures used in his case established that the test results were invalid because they were not substantially performed according to methods approved by the Florida Department of Law Enforcement. See § 316.1932(1)(b)(2). However, section 316.1932(1)(b)(2) also provides, "Any insubstantial differences between approved techniques and actual testing procedures in any individual case do not render the test or test results invalid."
Although we can conceive of a scenario in which a driver could present proof of substantial noncompliance with the rules or statutes such that the test results could be deemed wholly unreliable as a matter of law, that is not the case here. The minor issues raised by Mr. Alliston involved the lack of an initial registration for the breath test machine and the inspector's inability to remember whether she followed one *145 specific protocol in one specific inspection. There was no proof that Mr. Alliston's breath test was improperly performed, nor was there proof that the hypothetical errors Mr. Alliston raised regarding the inspections of the machine would affect the validity of the test such that it could erroneously measure Mr. Alliston's breath at almost three times the legal limit. Rather, the issues Mr. Alliston raised were "insubstantial differences," and the hearing officer was free to determine that they did not constitute less than substantial compliance with the appropriate procedures. See Dep't of Highway Safety & Motor Vehicles v. Mowry, 794 So.2d 657 (Fla. 5th DCA 2001).[3]
Essentially, by concluding that the breath test results were not admissible in evidence in this formal administrative hearing, the circuit court ignored the statutory scheme and required a more stringent standard of proof than that required by statute. This was a departure from the essential requirements of law. See State, Dep't of Highway Safety & Motor Vehicles v. Anthol, 742 So.2d 813 (Fla. 2d DCA 1999). See also Dep't of Highway Safety & Motor Vehicles v. Dehart, 799 So.2d 1079 (Fla. 5th DCA 2001); Dep't of Highway Safety & Motor Vehicles v. Russell, 793 So.2d 1073 (Fla. 5th DCA 2001).
Although we conclude that the circuit court applied the incorrect law in its review of this administrative order, this does not necessarily allow us to grant certiorari in this second-tier proceeding. The more difficult question in this case is whether the circuit court's error rises to the level that can be corrected as a "miscarriage of justice." Despite all of the efforts of the supreme court and the district courts, the test to determine when a "miscarriage of justice" has occurred remains easier to state than to apply. In measuring the seriousness of an error to determine whether second-tier certiorari is available, one consideration is whether the error is isolated in its effect or whether it is pervasive or widespread in its application to numerous other proceedings. See, e.g., Progressive Specialty Ins. Co. v. Biomechanical Trauma Ass'n, 785 So.2d 667 (Fla. 2d DCA 2001); Stilson v. Allstate Ins. Co., 692 So.2d 979 (Fla. 2d DCA 1997). Thus, a circuit court order that is particularly fact-specific and fact-dependent, or an order that provides a result without a written opinion and therefore cannot act as precedent in future cases, will generally not merit certiorari review in the district court, even if the district court might disagree with the result. See, e.g., Stilson, 692 So.2d at 982 n. 3.
In this case, we conclude that the circuit court's error results in a miscarriage of justice requiring certiorari relief because it has precedential value and the circuit court is applying the same error to numerous other administrative proceedings involving the suspension of driver's licenses.[4]See Anthol, 742 So.2d 813. The circuit court's order places a virtually impossible burden *146 of proof on the DHSMV in attempting to suspend a person's license for a DUI arrest. As applied to future proceedings, the circuit court's order would seemingly require the DHSMV to present affirmative evidence, in the form of testimony from inspectors and persons who administer breath tests, that each applicable inspection and breath test complied with every protocol set forth in the administrative rules. This is not what the law requires.
Accordingly, we quash the order of the circuit court that granted Mr. Alliston's petition for certiorari and remand for proceedings consistent with this opinion.
SALCINES, J., and DANAHY, PAUL W., Senior Judge, concur.
NOTES
[1] A simulator is an apparatus on the machine that introduces an alcohol vapor of known concentration into the breath-testing instrument to test the calibration of the instrument.
[2] The DHSMV did not seek appellate review of Royal. The circuit court order in Royal was made a part of our record in this case because it was cited by the circuit court as the basis for its ruling.
[3] We note that our decision here is specifically predicated on the fact that this involves an administrative hearing to suspend a license, not a criminal prosecution. Compare State v. Donaldson, 579 So.2d 728 (Fla.1991) (addressing what foundation must be laid by state to admit into evidence breath test results in a criminal prosecution).
[4] There are four other cases pending before this court on this same issue from the Thirteenth Judicial Circuit of Hillsborough County. Dep't of Highway Safety & Motor Vehicles v. Morgan, No. 2D01-2402 (Fla. 2d DCA 2001); Dep't of Highway Safety & Motor Vehicles v. Harris, No. 2D01-1774 (Fla. 2d DCA 2001); Dep't of Highway Safety & Motor Vehicles v. Sexton, No. 2D01-1491 (Fla. 2d DCA 2001); Dep't of Highway Safety & Motor Vehicles v. Profis, No. 2D00-7945 (Fla. 2d DCA 2001).