990 So.2d 574 (2008)
UNITED AUTOMOBILE INSURANCE COMPANY, Petitioner.
v.
EDUARDO J. GARRIDO, D.C., P.A., Respondent.
No. 3D08-998.
District Court of Appeal of Florida, Third District.
July 23, 2008.
Rehearing and Rehearing En Banc Denied September 24, 2008.
Michael J. Neimand, Miami, for petitioner.
Panter, Panter & Sampedro and Christian Carrazana, Miami, for respondent.
Before COPE, RAMIREZ, and WELLS, JJ.
WELLS, Judge.
United Automobile Insurance Company petitions for a writ of certiorari to quash a decision of the Circuit Court Appellate Division which concluded that the insurer waived its statutory right to assert that certain medical bills submitted for payment by the respondent medical provider were untimely under section 627.736(5)(c)(1) of the Florida Statutes. § 627.736(5)(c)(1), Fla. Stat. (2007) (providing that, unless the provider submits to the insurer a notice of initiation of treatment within twenty one days after its first examination or treatment of the claimant, "the insurer is not required to pay, charges for treatment or services rendered more than 35 days before the postmark date or electronic transmission date of the statement").
*575 Under section 627.736(5)(c)(1), an insurer has no obligation to pay late-filed bills. See Coral Imaging Servs. v. Geico Indem. Ins. Co., 955 So.2d 11 (Fla. 3d DCA 2006). Neither submitting untimely bills along with timely bills to an independent medical examiner for a determination of medical necessity, nor failing to check "late billing" as a reason for denying payment of untimely bills on an explanation of benefits form, constitutes a waiver of this provision. We therefore grant the writ because the Appellate Division's decision to the contrary amounts to a violation of a clearly established principle of law resulting in a miscarriage of justice. Because the ruling potentially affects large numbers of claimants and large numbers of claims processed by insurers under personal injury protection ("PIP") coverage, exercise of certiorari jurisdiction is appropriate. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003); Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic, 913 So.2d 1281, 1286 (Fla. 2d DCA 2005) ("In measuring the seriousness of an error to determine whether second-tier certiorari is available, one consideration is whether the error is isolated in its effect or whether it is pervasive or widespread in its application to numerous other proceedings." (quoting Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So.2d 141 (Fla. 2d DCA 2002))).
Writ granted; the decision below is quashed and the matter is remanded with directions to reverse the summary judgment entered in favor of the provider.