WALLACE, Judge.
 

 George F. McLaughlin petitions this court for a writ of certiorari to review a circuit court order that denied his petition for writ of certiorari. Mr. McLaughlin raises four issues in his petition. All of these issues are without merit because the circuit court applied the correct law, and we deny his petition. However, we write to address Mr. McLaughlin’s argument that the lawfulness of a driver’s arrest is relevant in a postsuspension hearing authorized by section 322.2615, Florida Statutes (2006).
 

 I. BACKGROUND
 

 On January 7, 2007, Mr. McLaughlin refused to submit to a breath, urine, or blood test after he was arrested for driving under the influence, a violation of section 316.193, Florida Statutes (2006). Consequently, the Department of Highway Safety and Motor Vehicles (DHSMV) suspended his driver’s license for one year.
 

 Mr. McLaughlin exercised his right to formal review as authorized by section
 
 *990
 
 322.2615(l)(b)(3), Florida Statutes (2006), and challenged the suspension of his license. At the hearing, Mr. McLaughlin moved to invalidate the suspension based on the unlawfulness of his arrest. The hearing officer explained that section 322.2615(7)(b) did not authorize him to address the lawfulness of the arrest. The hearing officer’s written decision denied Mr. McLaughlin’s motion without further explanation.
 

 Mr. McLaughlin challenged the hearing officer’s written decision by petition for writ of certiorari in the circuit court. Mr. McLaughlin argued that section 322.2615 conflicted with section 316.1932, because the latter did not require that a driver submit to a breath, blood, or urine test unless he or she was first lawfully arrested. He also claimed that the Florida Administrative Code had not been amended to indicate that a hearing officer could not consider the lawfulness of the arrest in a postsuspension hearing.
 
 [1]
 
 The DHSMV contended that the plain language of the statute indicated that the legislature’s intent was to make the lawfulness of the arrest a relevant factor in criminal proceedings under section 316.1932 but not in postsuspension administrative hearings authorized by section 322.2615.
 

 The circuit court entered an order denying Mr. McLaughlin’s petition because “based on the scope of the hearing officer’s review, as authorized by the Legislature, the hearing officer followed the essential requirements of the law.”
 
 McLaughlin v. Fla. Dep’t of Highway Safety & Motor Vehicles,
 
 14 Fla. L. Weekly Supp. 1084a (Fla. 10th Cir.Ct. Sep. 18, 2007). Mr. McLaughlin timely petitioned this court for certiorari review of the circuit court’s order.
 

 II. JURISDICTION
 

 As a preliminary matter, we note that Mr. McLaughlin’s license was suspended for one year beginning January 7, 2007. This suspension expired on January 6, 2008. For this reason, Mr. McLaughlin’s petition for writ of certiorari is moot. But “mootness does not destroy a court’s jurisdiction if the question raised is of great public importance or is likely to recur, or if the error is capable of repetition yet evading review.”
 
 Kelley v. Rice,
 
 800 So.2d 247, 250 (Fla. 2d DCA 2001) (citations omitted). Mr. McLaughlin’s petition presents a question that is likely to recur.
 
 See Dep’t of Highway Safety & Motor Vehicles v. Pelham,
 
 979 So.2d 304 (Fla. 5th DCA) (ruling on the same question),
 
 review denied,
 
 984 So.2d 519 (Fla.2008). Accordingly, this court has jurisdiction to hear the merits even if the petition is moot.
 
 See Enter. Leasing Co. v. Jones,
 
 789 So.2d 964, 965-66 (Fla.2001).
 

 III. STANDARD OF REVIEW
 

 Certiorari is the proper remedy to seek review of an administrative order sustaining the suspension of a driver’s license. § 322.2615(13). On second-tier certiorari review, our scope of review is limited to determining whether the circuit court (1) afforded procedural due process and (2) applied the correct law.
 
 Dep’t of Highway Safety Motor Vehicles v. DeGroot,
 
 971 So.2d 237, 239 (Fla. 2d DCA 2008). This two-part analysis is “simply another way of
 
 *991
 
 deciding whether the lower court ‘departed from the essential requirements of [the] law.’ ”
 
 Miami-Dade County v. Omnipoint Holdings, Inc.,
 
 863 So.2d 195, 199 (Fla.2003) (quoting
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 530 (Fla.1995)). “A ruling constitutes a departure from the essential requirements of [the] law when it amounts to ‘a violation of a clearly established principle of law resulting in a miscarriage of justice.’ ”
 
 Id.
 
 (quoting
 
 Tedder v. Fla. Parole Comm’n,
 
 842 So.2d 1022, 1024 (Fla. 1st DCA 2003));
 
 see State v. Farino,
 
 915 So.2d 685, 686 (Fla. 2d DCA 2005) (explaining that failure to apply the correct law must result in a miscarriage of justice to warrant the issuance of a writ of certiorari).
 

 IV. PRELIMINARY CONSIDERATIONS
 

 Mr. McLaughlin’s petition for second-tier certiorari contends that the circuit court departed from the essential requirements of the law because
 
 Welsh v. Wisconsin,
 
 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984),
 
 State, Department of Highway Safety & Motor Vehicles v. Pipkin,
 
 927 So.2d 901 (Fla. 3d DCA 2005), and the applicable version of the Florida Administrative Code require that a driver submit to a breath, blood, or urine test only if he or she was first lawfully arrested. Mr. McLaughlin has not claimed that the circuit court’s decision deprived him of procedural due process. Consequently, this court may not grant relief unless the circuit court departed from the essential requirements of the law with a resulting miscarriage of justice.
 
 See Dep’t of Highway Safety Motor Vehicles v. Alliston,
 
 813 So.2d 141, 144 (Fla. 2d DCA 2002).
 

 V. THE SCOPE OF THE HEARING OFFICER’S REVIEW UNDER SECTION 322.2615
 

 The circuit court’s denial of Mr. McLaughlin’s petition for certiorari review did not depart from the essential requirements of the law because the circuit court applied the correct law. As the supreme court stated in
 
 Holly v. Auld,
 
 450 So.2d 217 (Fla.1984), “ ‘[w]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.’”
 
 Id.
 
 at 219 (alteration in original) (quoting
 
 A.R. Douglass, Inc. v. McRainey,
 
 102 Fla. 1141, 137 So. 157, 159 (1931)). Courts are “ ‘without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.’ ”
 
 Id.
 
 (emphasis omitted).
 

 Section 322.2615(7)(b) sets out the scope of review applicable in a postsuspension administrative hearing, and its plain language does not include the lawfulness of the arrest as one of the three enumerated issues that the hearing officer may review. In pertinent part, section 322.2615(7) provides:
 

 In a formal review hearing ... the hearing officer shall determine by a preponderance of the evidence whether sufficient cause exists to sustain, amend, or invalidate the suspension.
 
 The scope of the review shall be limited to the following issues:
 

 [[Image here]]
 

 (b) If the license was suspended for refusal to submit to a breath, blood, or urine test:
 

 1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical or controlled substances.
 

 
 *992
 
 2. Whether the person whose license was suspended refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
 

 3. Whether the person whose license was suspended was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
 

 (Emphasis added.) This language is not ambiguous because it permits the hearing officer to consider only the three enumerated issues to the exclusion of all others including the lawfulness of the arrest.
 
 See Hess v. Walton,
 
 898 So.2d 1046, 1049 (Fla. 2d DCA 2005) (explaining that a statute is “ ‘ambiguous’ when its language may permit two or more outcomes”). Section 322.2615 is sufficiently certain on its face that courts have no basis to invoke the rules of construction.
 

 But the Fifth District has interpreted section 322.2615 to allow a hearing officer to consider the lawfulness of the arrest during a postsuspension hearing in
 
 Pelham,
 
 979 So.2d 304.
 
 [2]
 
 The
 
 Pelham
 
 court reached this conclusion by construing section 322.2615
 
 in pañ materia
 
 with section 316.1932.
 
 Id.
 
 at 307. However, the rules of construction “ ‘are useful only in the case of doubt and should never be used to create doubt, but to remove it.’ ”
 
 Fajardo v. State,
 
 805 So.2d 961, 964 (Fla. 2d DCA 2001) (quoting
 
 State v. Egan,
 
 287 So.2d 1, 4 (Fla.1973)). Thus section 322.2615 cannot be read
 
 in pari materia
 
 with section 316.1932 to create an ambiguity that does not exist. The plain language of section 322.2615 limits the hearing officer’s scope of review to the three issues enumerated in the statute. Accordingly, we certify that our decision is in direct conflict with the holding in
 
 Pelham.
 

 Mr. McLaughlin’s reliance on
 
 Welsh, Pipkin,
 
 and the Florida Administrative Code to reach a different conclusion is misplaced for two reasons. First, both
 
 Welsh
 
 and
 
 Pipkin
 
 considered the lawfulness of the arrest in the context of a postsuspension administrative hearing where the hearing officer was statutorily permitted to consider that issue.
 
 Welsh,
 
 466 U.S. at 744-46, 104 S.Ct. 2091;
 
 Pipkin,
 
 927 So.2d at 902. Second, a statute governs when there is conflict between a statute and an administrative regulation on the same subject.
 
 Sierra Club, Inc. v. Leavitt,
 
 488 F.3d 904, 920 (11th Cir.2007);
 
 Fla. Dep’t of Revenue v. A. Duda & Sons, Inc.,
 
 608 So.2d 881, 884 (Fla. 5th DCA 1992) (citing
 
 Nicholas v. Wainwright,
 
 152 So.2d 458, 460 (Fla.1963), and
 
 Canal Ins. Co. v. Cont’l Cas. Co.,
 
 489 So.2d 136, 138 (Fla. 2d DCA 1986)). Thus, we cannot say that the circuit court departed from the essential requirements of the law based on the legal authority relied on by Mr. McLaughlin.
 

 VI. CONCLUSION
 

 The circuit court did not depart from the essential requirements of the law when it denied Mr. McLaughlin’s petition for writ of certiorari because it applied the correct law when analyzing his claim. Accordingly, we deny the petition for writ of certio-rari.
 

 Petition denied; conflict certified.
 

 ALTENBERND and SILBERMAN, JJ., Concur.
 

 [1]
 

 . Mr. McLaughlin does not elaborate on his argument based on the provisions of the Florida Administrative Code. We do note that when Mr. McLaughlin's suspension review hearing was held, the Florida Administrative Code required the hearing officer to consider, among other things, "any report or photocopies of such report submitted by a law enforcement officer ... relating to the arrest of the driver." Fla. Admin. Code R. 15A-6.013(2) (prior version). Effective March 11, 2007, this code provision was amended by deleting the reference to "the arrest of the driver” and adding a reference to "the suspension of the driver.” Fla. Admin. Code R. 15A-6.013(2).
 

 [2]
 

 . We note that the circuit court denied Mr. McLaughlin's petition for writ of certiorari several months before the Fifth District issued its decision in
 
 Pelham.