995 So.2d 1077 (2008)
William HERNANDEZ, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 1D08-1424.
District Court of Appeal of Florida, First District.
November 21, 2008.
David M. Robbins and Susan Z. Cohen of Epstein & Robbins, Jacksonville, for Petitioner.
Judson M. Chapman, General Counsel, and Douglas D. Sunshine, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for Respondent.
VAN NORTWICK, J.
William Hernandez petitions for a writ of certiorari to review an opinion of the circuit court which denied certiorari review of an administrative suspension of Hernandez' driver's license for refusal to submit to a breath test. Because the trial court erred in ruling that the hearing officer did not have the authority to consider the legality of Hernandez' arrest, we grant the certiorari petition and quash the circuit court decision.
On August 27, 2007, Hernandez was involved in a motor vehicle crash. Hernandez *1078 struck an illegally parked vehicle and later left the scene of the accident by walking to his nearby apartment in a gated complex. Police arrived at Hernandez' gated entrance, but he refused to open the gate. The gate was eventually opened for police, apparently because police advised Hernandez that they would scale the fence if not admitted. Police suspected Hernandez to be under the influence of alcohol, but he refused to submit to a breath test. His driver's license was thereafter administratively suspended, and Hernandez sought a hearing before the Department of Highway Safety and Motor Vehicles.
The hearing officer determined that the scope of the hearing, pursuant to section 322.2615, Florida Statutes (2007), would be limited to: (i) whether law enforcement had probable cause to believe Hernandez was driving or in actual physical control of a motor vehicle in this state while under the influence of alcohol or a controlled substance, (ii) whether Hernandez refused to submit to a urine or a test of his breath or blood alcohol level after being request to submit by a law enforcement officer, and (iii) whether Hernandez was told that if he refused a test that his privilege to operate a motor vehicle would be suspended for a period of one year, or in the case of a second or subsequent refusal, for a period of eighteen months. The hearing officer did not consider the question of whether the arrest of Hernandez was lawful, despite Hernandez' argument that in fact he was illegally arrested.
After receiving evidence and argument from counsel, the hearing officer upheld the suspension of Hernandez' license concluding that police had probable cause to believe Hernandez was driving while under the influence of alcohol, that Hernandez refused to submit to a breath test after being requested to submit by law enforcement and that Hernandez was told that if he refused to submit his license would be suspended for a period of at least one year.
Hernandez sought review of the suspension in circuit court by means of a petition for a writ of certiorari. Hernandez argued to the circuit court that the suspension of his license did not comport with the essential requirements of law or due process because the refusal to submit to a breath test was made following an unlawful seizure of the person which was followed by an unlawful arrest. The circuit court denied certiorari relief ruling that as of October 1, 2006, a hearing officer in an administrative review of a driver's license suspension is no longer permitted to consider the legality of the arrest.
Section 322.2615, Florida Statutes (2007), provides in pertinent part,
(7) In a formal review hearing under subsection (6) or an informal review hearing under subsection (4), the hearing officer shall determine by a preponderance of the evidence whether sufficient cause exists to sustain, amend, or invalidate the suspension. The scope of the review shall be limited to the following issues: ...
(b) If the license was suspended for refusal to submit to breath, blood, or urine test:
1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in physical control of a motor vehicle in this state while under the influence of alcoholic beverages or chemical or controlled substance.
2. Whether the person whose license was suspended refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
3. Whether the person whose license was suspended was told that if he or she refused to submit to such test his or her *1079 privilege to operate a motor vehicle would be suspended for a period of 1 year or, in the case of a second or subsequent refusal, for a period of 18 months.
Prior to October 1, 2006, section 322.2615 provided as well that a DHSMV hearing officer, in a proceeding following a suspension of a license for refusal to submit to a test, was also to consider "[w]hether the person was placed under lawful arrest for a violation of s. 316.193." Section 322.2615 was amended prior to Hernandez' arrest to delete this subsection.
Section 316.1932(1)(a)1.a, Florida Statutes (2007), provides in pertinent part that
Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state is, by so operating such vehicle, deemed to have given his or her consent to submit to an approved chemical test or physical test.... The chemical or physical breath test must be incidental to a lawful arrest and administered at the request of a law enforcement officer who has reason to believe such person was driving or was in actual physical control of the motor vehicle within this state while under the influence of alcoholic beverages....
(Bold added).
In Department of Highway Safety and Motor Vehicles v. Pelham, 979 So.2d 304 (Fla. 5th DCA 2008), rev. denied, 984 So.2d 519 (Fla.2008), the reviewing court considered the effect of the revision to section 322.2615 and concluded, when reading the revised statute in pari materia with section 316.1932, that it is "inescapable that a suspension may not be predicated on refusal to take a test that is the product of a[n] unlawful arrest." 979 So.2d at 307. The court reasoned that such a conclusion is mandated because under the "statutory scheme, the lawfulness of the suspension is central to any determination that there is `sufficient cause' to `sustain' it." 979 So.2d at 308. In reaching this conclusion, the Pelham court was not unmindful of a legislative staff analysis which indicated that the amendment of section 322.2615 negated the need for DHSMV to show in an administrative review of a license suspension that a lawful arrest for a violation of section 316.1932 (the DUI statute) occurred. 979 So.2d at 307-08. However, given the provision in section 316.1932 that a breath or blood test must be incident to a lawful arrest, a provision which remains in force, our sister court rightly indicated that "[i]f the legislature intends to authorize DHSMV to suspend a driver's license for refusal to take a test, without regard to the validity of the police action preceding the request, then it should say so expressly." 979 So.2d at 308. We agree with this analysis.
This court's review is limited to determining whether the circuit court afforded procedural due process and applied the correct law. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). Section 316.1932 unambiguously provides that a driver has impliedly consented to submit to a breath or blood test only when such is incidental to a lawful arrest. Given this clear statement of law, the circuit court here erred when it held that the DHSMV hearing officer did not err when it failed to consider the legality of Hernandez' arrest. We therefore grant the petition for writ of certiorari, quash the circuit court's order denying certiorari relief and remand the cause to the circuit court for further proceedings consistent with this opinion.
Further, as was done in Pelham, we hereby certify the following questions as matters of great public importance:

*1080 Can the DHSMV suspend a driver's license for refusal to submit to a breath test, if the refusal is not incident to a lawful arrest? If not, is DHSMV hearing officer required to address the lawfulness of the arrest as part of the review process?
CERTIORARI GRANTED.
KAHN and PADOVANO, JJ., concur.