WALLACE, Judge.
 

 The Department of Highway Safety and Motor Vehicles (the DHSMV) petitions this court for a writ of certiorari to review the circuit court orders that granted U.J. Hofer’s petition for writ of certiorari and reinstated his driver’s license. The circuit court quashed the administrative order issued by the DHSMV that suspended Mr. Hofer’s driver’s license following his arrest for driving under the influence (DUI). Because we conclude that the circuit court failed to apply the correct law when it decided that due process required that a hearing officer determine the legality of the initial stop in a postsuspension hearing authorized by section 322.2615, Florida Statutes (2006), we grant the petition and quash the circuit court’s orders.
 

 I. BACKGROUND
 

 A. The Factual Background
 

 On October 13, 2006, a Cape Coral police officer stopped Mr. Hofer for failing to dim his headlights. The police officer noticed
 
 *769
 
 signs that Mr. Hofer was under the influence of alcohol and asked him to perform field sobriety tests. Based on Mr. Hofer’s performance on those tests, he was arrested for DUI. Mr. Hofer refused to submit to a breath test after the police officer read him the implied consent warnings. Mr. Hofer’s driver’s license was then suspended because he refused the breath test.
 

 B. The Administrative Proceeding
 

 Mr. Hofer exercised his right to formal review,
 
 see
 
 § 322.2615(l)(b)(3), Fla. Stat. (2006), and challenged the suspension of his license. At the hearing, Mr. Hofer attempted to challenge the legality of the initial stop. However, the hearing officer advised Mr. Hofer that issues concerning the legality of the stop were not within the scope of review authorized by section 322.2615(7)(b) unless the circumstances surrounding the stop indicated the driver’s impairment.
 

 In his written decision, the hearing officer found that a preponderance of the evidence established that (1) the arresting officer had probable cause to believe Mr. Hofer was driving under the influence, (2) Mr. Hofer refused to take the breath test after being requested to do so, and (3) Mr. Hofer was told that refusal would result in suspension. Consequently, the hearing officer sustained the suspension of Mr. Hofer’s license for refusal to submit to a breath, blood, or urine test under section 322.2615.
 

 C. Certiorari Review in the Circuit Court
 

 Mr. Hofer challenged the hearing officer’s written decision by petition for writ of certiorari in the circuit court. Mr. Hofer’s petition argued that the administrative proceeding did not afford him procedural due process because, among other things, the hearing officer refused to consider the legality of the stop. Mr. Hofer noted that according to section 322.2615, in any implied consent case, the license suspension is based on a refusal to take a breath, blood, or urine test or on an alcohol level in excess of the legal limit. He also explained that the obligation to submit to a breath, blood, or urine test is imposed by section 316.1932, Florida Statutes (2006), which requires that any such test must be incident to a lawful arrest. Thus, Mr. Hofer concluded, the implied consent statutory scheme made a lawful arrest a necessary factor before a driver’s license could be suspended and the hearing officer’s refusal to consider the legality of Mr. Hofer’s stop was “repugnant to any notion of due process.”
 

 The DHSMVs response contended that the legislature had authorized the hearing officer’s actions. The DHSMV explained that the lawfulness of the arrest was within the scope of review authorized by section 322.2615(7)(b) before October 1, 2006. The legislature, however, specifically removed the consideration of the lawfulness of the arrest from the scope of review when it amended section 322.2615(7)(b).
 
 See
 
 ch. 2006-290, § 45, at 2957, 2960-61, Laws of Fla. The DHSMV also cited
 
 Conahan v. Department of Highway Safety & Motor Vehicles,
 
 619 So.2d 988 (Fla. 5th DCA 1993). In
 
 Conahan,
 
 the Fifth District found that section 322.2615, Florida Statutes (1991), afforded drivers procedural due process.
 
 Id.
 
 at 989-90. Thus the DHSMV argued that Mr. Hofer’s due process argument failed because he had been given “notice and a hearing at which he was provided the opportunity to be, and in fact was, heard.”
 

 Before the circuit court ruled on his petition, Mr. Hofer filed a notice of supplemental authority calling the circuit court’s attention to
 
 Failla v. State of Florida, Department of Highway Safety & Motor
 
 
 *770
 

 Vehicles,
 
 14 Fla. L. Weekly Supp. 812a (Fla. 7th Cir. Ct. June 20, 2007),
 
 cert. denied,
 
 No. 5D07-2738 (Fla. 5th DCA May 23, 2008). In
 
 Failla,
 
 the Volusia County Circuit Court held that “[i]f a hearing officer is to uphold a license suspension, due process requires a finding that the refusal to submit to a breath test was incidental to a lawful arrest.”
 
 Id.
 
 at 813.
 

 Here, the circuit court agreed with the reasoning in
 
 Failla.
 
 Accordingly, the circuit court found that the “[h]earing [o]ffieer departed from the essential requirements of [the] law when he failed to determine whether the stop and the arrest [of Mr. Hofer] were lawful.”
 
 Hofer v. State of Fla., Dep’t of Highway Safety & Motor Vehicles,
 
 15 Fla. L. Weekly Supp. 48a (Fla. 20th Cir.Ct. Aug. 14, 2007). Based on this conclusion, the circuit court granted the petition and quashed the hearing officer’s decision. The circuit court subsequently denied the DHSMV’s motion for rehearing and ordered the DHSMV to reinstate Mr. Hofer’s license. The DHSMV seeks certio-rari review of the order granting Mr. Hofer’s petition and of the order denying the DHSMV’s motion for rehearing.
 

 II.STANDARD OF REVIEW
 

 The DHSMV may petition for a writ of certiorari to review a circuit court appellate decision reversing an administrative order sustaining the suspension of a driver’s license.
 
 Dep’t of Highway Safety & Motor Vehicles v. Rosenthal,
 
 908 So.2d 602, 604 (Fla. 2d DCA 2005). We may grant the DHSMV’s petition for second-tier certiorari if the circuit court (1) did not afford procedural due process or (2) failed to apply the correct law.
 
 Dep’t of Highway Safety Motor Vehicles v. DeGroot,
 
 971 So.2d 237, 239 (Fla. 2d DCA 2008). This two-part analysis allows this court to “decid[e] whether the lower court ‘departed from the essential requirements of [the] law.’ ”
 
 Miami-Dade County v. Omnipoint Holdings, Inc.,
 
 863 So.2d 195, 199 (Fla.2003) (quoting
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 530 (Fla.1995)). “A ruling constitutes a departure from the essential requirements of [the] law when it amounts to ‘a violation of a clearly established principle of law resulting in a miscarriage of justice.’ ”
 
 Id.
 
 (quoting
 
 Tedder v. Fla. Parole Comm’n,
 
 842 So.2d 1022, 1024 (Fla. 1st DCA 2003));
 
 see State v. Farino,
 
 915 So.2d 685, 686 (Fla. 2d DCA 2005) (explaining that failure to apply the correct law must result in a miscarriage of justice to warrant the issuance of a writ of certiorari).
 

 III.PRELIMINARY CONSIDERATIONS
 

 The DHSMV’s petition for second-tier certiorari contends that the circuit court departed from the essential requirements of the law because the lawfulness of the stop and arrest of a driver is not within the scope of review in a postsuspension hearing under section 322.2615(7)(b). Specifically, the DHSMV contends that the circuit court applied the incorrect law when it found that due process required that the hearing officer consider the lawfulness of the stop. The DHSMV has not claimed that the circuit court’s decision deprived it of procedural due process. Consequently, this court may not grant relief unless the circuit court departed from the essential requirements of the law with a resulting miscarriage of justice.
 
 See Dep’t of Highway Safety & Motor Vehicles v. Alliston,
 
 813 So.2d 141, 144 (Fla. 2d DCA 2002).
 

 IV.THE CIRCUIT COURT’S DUE PROCESS ANALYSIS
 

 A. Essential Requirements of the Law
 

 The circuit court departed from the essential requirements of the law in
 
 *771
 
 reaching its conclusion that the hearing officer had to consider the legality of the arrest in an administrative proceeding under section 322.2615. The crux of Mr. Hofer’s petition for certiorari was that the administrative proceeding did not afford him procedural due process because he could not challenge the legality of the stop. The United States Supreme Court has explained that driver’s “licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.”
 
 Bell v. Burson,
 
 402 U.S. 535, 539, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). “Procedural due process imposes constraints on governmental decisions that deprive individuals of liberty or property interests,”
 
 Massey v. Charlotte County,
 
 842 So.2d 142, 146 (Fla. 2d DCA 2003), including state efforts to legislate the suspension of driver’s licenses,
 
 Bell,
 
 402 U.S. at 539, 91 S.Ct. 1586. In
 
 Bell,
 
 the United States Supreme Court has expressly ruled:
 

 Once [driver’s] licenses are issued ... their continued possession may become essential in the pursuit of a livelihood. Suspension of issued licenses thus involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment. This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a “right” or a “privilege.”
 

 402 U.S. at 539, 91 S.Ct. 1586 (citations omitted);
 
 see Mackey v. Montrym,
 
 443 U.S. 1, 10-19, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979);
 
 Dixon v. Love,
 
 431 U.S. 105, 112, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977).
 

 “Procedural due process requires both fair notice and a real opportunity to be heard ... ‘at a meaningful time and in a meaningful manner.’ ”
 
 Keys Citizens for Responsible Gov’t, Inc. v. Fla. Keys Aqueduct Auth.,
 
 795 So.2d 940, 948 (Fla.2001) (quoting
 
 Mathews v. Eldridge,
 
 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). In other words, “[t]o qualify under due process standards, the opportunity to be heard must be meaningful, full and fair, and not merely colorable or illusive.”
 
 Rucker v. City of Ocala,
 
 684 So.2d 836, 841 (Fla. 1st DCA 1996). The determination of whether the procedures employed during a particular hearing provide a real opportunity to be heard in a meaningful manner depends on the nature of the private interest at stake and the nature of the government function involved.
 
 Cafeteria Rest. Workers Union, Local 473 v. McElroy,
 
 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961). Accordingly, the amount of process due varies based on the particular factual context surrounding an administrative proceeding.
 
 Zinermon v. Burch,
 
 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990);
 
 see Bell,
 
 402 U.S. at 540, 91 S.Ct. 1586 (“A procedural rule that may satisfy due process in one context may not necessarily satisfy procedural due process in every case.”).
 

 A court faced with a procedural due process challenge to an implied consent statutory scheme must employ the balancing test mandated by
 
 Mathews v. Eldridge,
 
 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).
 
 Mackey,
 
 443 U.S. at 10, 99 S.Ct. 2612; see
 
 Conahan,
 
 619 So.2d at 989-90. Thus the circuit court should have examined:
 

 First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government’s interest, including the function involved
 
 *772
 
 and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.
 

 Mathews,
 
 424 U.S. at 335, 96 S.Ct. 893. The circuit court failed to apply the balancing test mandated by
 
 Matheivs
 
 to Mr. Hofer’s due process challenge. Consequently, it departed from the essential requirements of the law in granting Mr. Hofer’s petition for certiorari review.
 

 B. Miscarriage of Justice
 

 Although we find that the circuit court departed from the essential requirements of the law, this court cannot grant certiorari absent a showing that the failure to apply the correct law resulted in a “miscarriage of justice.” An important factor to consider when determining whether the circuit court’s error amounts to a “miscarriage of justice” is the adverse precedential effect the error might have on subsequent cases.
 
 Alliston,
 
 813 So.2d at 145. A circuit court’s decision will generally not merit certiorari review if it is issued without a written opinion or is particularly fact-dependent or fact-specific because it lacks precedential value.
 
 Id.
 
 Appellate courts, however, have found a miscarriage of justice and exercised their certiorari jurisdiction when a decision applies incorrect law and establishes principles of general application binding in subsequent cases.
 
 See Maple Manor, Inc. v. City of Sarasota,
 
 813 So.2d 204, 207 (Fla. 2d DCA 2002);
 
 Alliston,
 
 813 So.2d at 145-46;
 
 State Farm Fla. Ins. Co. v. Lorenzo,
 
 969 So.2d 393, 398 (Fla. 5th DCA 2007).
 

 The order granting Mr. Hofer’s petition establishes the general principle that a hearing officer must consider the legality of the stop and arrest in postsus-pension hearings authorized by section 322.2615. Furthermore, the circuit court appellate decision in this case has prece-dential value and will result in the repetition of the same error in other proceedings involving the suspension of driver’s licenses.
 
 See Alliston,
 
 813 So.2d at 145. Because the circuit court’s application of incorrect law established a legal principle applicable to future administrative proceedings, the circuit court’s decision results in a miscarriage of justice that warrants the exercise of this court’s certiorari jurisdiction.
 

 C. The Pelham, Hernandez, and McLaughlin decisions are distinguishable.
 

 In the circuit court proceedings, Mr. Hofer briefly mentioned the relationship between sections 316.1932 and 322.2615. In
 
 Department of Highway Safety & Motor Vehicles v. Pelham,
 
 979 So.2d 304 (Fla. 5th DCA),
 
 review denied,
 
 984 So.2d 519 (Fla.2008), the Fifth District addressed the interplay between sections 316.1932 and 322.2615 in considerable detail. The Fifth District’s decision in
 
 Pelham
 
 issued after the circuit court entered its order and after the Department’s petition and Mr. Hofer’s response were filed with this court. In
 
 McLaughlin v. Department of Highway Safety & Motor Vehicles,
 
 2 So.3d 988 (Fla. 2d DCA 2008), this court discussed
 
 Pelham
 
 and certified conflict with it. The First District agreed with
 
 Pelham
 
 in
 
 Hernandez v. Department of Highway Safety &
 
 Motor
 
 Vehicles,
 
 995 So.2d 1077 (Fla. 1st DCA 2008).
 

 However, the circuit court focused on Mr. Hofer’s claim that the hearing officer must consider the legality of the stop “ ‘in order to maintain the constitutionality of [section] 316.1932 and [section] 322.2615.’ ”
 
 Hofer,
 
 15 Fla. L. Weekly Supp. 48a. The circuit court ruled only on this limited issue when it found that “ ‘[i]f a hearing officer is to uphold a license suspension, due process requires a finding that the refusal to submit to a breath test was
 
 *773
 
 incidental to a lawful arrest.’ ”
 
 Id.
 
 (quoting
 
 Failla,
 
 14 Fla. L. Weekly Supp. 812a). In contrast to the circuit court’s approach,
 
 Pelham
 
 did not consider any constitutional arguments, 979 So.2d at 308 n. 4, and
 
 McLaughlin
 
 is silent on the constitutional issue raised by Mr. Hofer. Hence,
 
 Pelham, Hernandez,
 
 and
 
 McLaughlin
 
 are distinguishable and do not control the narrow due process issue addressed by the circuit court in this case.
 

 Nevertheless, on remand, the circuit court must follow
 
 McLaughlin
 
 if Mr. Hofer raises a statutory construction argument based on
 
 Pelham
 
 or
 
 Hernandez.
 

 V. CONCLUSION
 

 The circuit court departed from the essential requirements of the law when it granted Mr. Hofer’s petition for writ of certiorari because it applied the incorrect law when analyzing his due process claim and created precedent applicable to numerous other administrative proceedings involving the suspension of driver’s licenses. Accordingly, we grant the DHSMV’s petition for writ of certiorari and quash the circuit court’s orders granting Mr. Hofer’s petition for writ of certiorari and reinstating his driver’s license. On remand, the circuit court shall reconsider Mr. Hofer’s petition in a manner consistent with this opinion and with
 
 McLaughlin.
 

 Petition granted, orders quashed, and case remanded.
 

 SILBERMAN, J., Concurs.
 

 CANADY, CHARLES T., Associate Judge, Concurs in result only.