CANADY, C.J.,
dissenting.
I would adopt the reasoning of the Second District in McLaughlin v. Department of Highway Safety & Motor Vehicles, 2 *1081 So.3d 988 (Fla. 2d DCA 2008), and accordingly answer the rephrased first certified question in the affirmative and the second rephrased certified question in the negative. The contrary view adopted by a majority of this Court effectively rewrites the text of section 322.2615(7), Florida Statutes (2006), to expand the scope of the hearing officer’s review beyond the ambit unequivocally laid down in the statute.
The other statutory provisions relied upon by the plurality were adopted by the Legislature prior to the adoption of chapter 2006-290, section 45, Laws of Florida, which removed from the hearing officer’s scope of review the issue of whether the license holder “was placed under lawful arrest for a violation of s. 316.193.” “[W]hen two statutes are in conflict, the later promulgated statute should prevail as the last expression of legislative intent.” McKendry v. State, 641 So.2d 45, 46 (Fla.1994).
Section 322.2615(7) expressly limits the issues which may be considered by the hearing officer in a proceeding challenging an administrative suspension. The plurality transgresses the limits set forth in the text by reading back into section 322.2615(7) the provision repealed by the Legislature in 2006 which permitted the hearing officer to consider whether the suspension was incident to a “lawful arrest for a violation of s. 316.193.” A more direct abrogation of legislative intent is hard to imagine.
In analyzing the issue of constitutionality — an issue not addressed in either of the decisions on review — the plurality fails to acknowledge that with the adoption of chapter 2006-290, section 45, Laws of Florida, the Legislature clearly provided that an administrative suspension may not be invalidated on the ground that the license holder had not been “placed under lawful arrest for a violation of s. 316.193.” Contrary to the plurality’s reasoning, the legislative limitation of the grounds for challenging an administrative suspension does not result in authorizing the Department “to suspend a driver’s license without reasonable notice and no possibility of meaningful process to review the lawfulness of the suspension.” Per curiam op. at 1079. Licensed drivers are chargeable with knowledge of the laws promulgated by the Legislature. They are therefore on notice of the limited grounds for challenging an administrative suspension and that the lawfulness of a suspension will be upheld without regard to whether the suspension was incident to a lawful arrest for a violation of section 316.193.
The per curiam and concurring on result only opinions fail to explain why procedural due process precludes the Legislature from restricting the substantive grounds on which an administrative suspension may be invalidated. Neither the respondents, the plurality, nor Justice Quince have provided any basis for concluding that it is unconstitutional for the Legislature to authorize administrative suspension of a license when the license holder has not been subjected to a lawful arrest for a violation of section 316.193.
POLSTON and LABARGA, JJ., concur.