VILLANTI, Judge.
Carol Rudolph petitions this court for a writ of certiorari to review a circuit court order that denied her petition for writ of certiorari. This case involves an administrative hearing officer’s decision to sustain the suspension of Ms. Rudolph’s driver’s license. The circumstances of this case are very similar to those in Arenas v. Department of Highway Safety & Motor Vehicles, 90 So.3d 828 (Fla. 2d DCA 2012), Lawrence v. Department of Highway Safety & Motor Vehicles, 93 So.3d 350 (Fla. 2d DCA 2012), and Roark v. Department of Highway Safety & Motor Vehicles, 107 So.3d 1131 (Fla. 2d DCA 2012). We grant the petition in this case for the same reasons that this court granted the petition in Arenas. We likewise remand this case to the circuit court to determine the mechanism by which the lawfulness of the arrest may be decided. However, just as there were distinctions between Arenas, Lawrence, and Roark, there is yet another distinction between those cases and this one. Therefore, we write to briefly explain the distinction.
Ms. Rudolph was stopped by a Lee County Port Authority officer as she was leaving the Fort Myers airport on September 9, 2010. According to the officer’s testimony at the administrative hearing on the driver’s license suspension, Ms. Rudolph’s car came to his attention when it failed to properly stop at a traffic light on airport property. The officer followed her vehicle and ultimately paced it traveling 68 miles per hour in a 50-mile-per-hour zone. The officer ultimately stopped the car, which Ms. Rudolph was driving. While speaking with the officer, Ms. Rudolph exhibited signs of being impaired, and she subsequently performed poorly on roadside field sobriety tests. She was arrested for driving under the influence,[1] and she submitted to a breath test. The test results reflected a blood alcohol level between .129 and .137.
The administrative hearing in this case was held on October 13, 2010. At that hearing, the hearing officer specifically refused to consider Ms. Rudolph’s challenge to the lawfulness of her stop by the Port Authority officer pursuant to section 322.2615(7)(a), Florida Statutes (2010), which provides that the hearing officer in a *1131 formal review hearing shall consider only whether the officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages and whether that person had an unlawful blood or breath alcohol level. On January 20, 2011, Ms. Rudolph filed a motion to suppress the evidence obtained as a result of the traffic stop in her pending criminal case. However, before the criminal court could consider the motion to suppress, the State nol prossed the criminal charge.[2]
Ms. Rudolph then filed a petition for writ of certiorari in the circuit court challenging the ruling in the administrative proceeding. The circuit court denied the petition for certiorari review on April 6, 2011. We delayed the disposition of this second-tier certiorari proceeding pending the Florida Supreme Court’s decision in Florida Department of Highway Safety & Motor Vehicles v. Hernandez, 74 So.3d 1070 (Fla.2011), which quashed our decision in McLaughlin v. Department of Highway Safety & Motor Vehicles, 2 So.3d 988 (Fla. 2d DCA 2008). See also McLaughlin v. Dep’t of Highway Safety & Motor Vehicles, - So.3d - (Fla. 2d DCA 2012).
As with Mr. Arenas, the criminal charges against Ms. Rudolph were dropped before she had the opportunity to challenge the lawfulness of her stop. In addition, Ms. Rudolph was denied the opportunity to challenge the lawfulness of her stop in the civil administrative proceeding. In order to avoid subjecting Ms. Rudolph to a miscarriage of justice or unconstitutional treatment, as the supreme court has warned, see Hernandez, 74 So.3d at 1080, the lawfulness of her stop, which has never been determined, must be reviewed and decided. Accordingly, as we did in Arenas, Lawrence, and Roark, we grant Ms. Rudolph’s petition and remand this case to the circuit court for it to determine the mechanism by which the lawfulness of her stop may be decided. However, as we did in Roark, we note that the exclusionary rule that is often used as a remedy for violations of the Fourth Amendment in criminal cases may not necessarily apply in this civil administrative proceeding to exclude the evidence resulting from Ms. Rudolph’s breath tests. See, e.g., Chase v. Neth, 269 Neb. 882, 697 N.W.2d 675 (2005); Beller v. Rolfe, 194 P.3d 949 (Utah 2008). However, we express no opinion on this issue.
Petition for writ of certiorari to the circuit court granted for proceedings in accordance with this opinion.
ALTENBERND and WHATLEY, JJ., Concur.

. § 316.193(1), Fla. Stat. (2010).

. This information was not in our initial record. We requested this information from the parties because we thought this case might be moot. However, both parties agree that this case is not moot because of the potential legal consequences to Ms. Rudolph of the license suspension at issue here.