# Third District Court of Appeal

## State of Florida

Opinion filed June 24, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1440
Lower Tribunal No. 24-34-AP-01
_____

**Jonathan Javitt, et al.,**
Petitioners,

vs.

**North Bay Village,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Daryl E. Trawick, Ramiro C. Areces, and Miguel M. de la O, Judges.

Brito, PLLC, and Alejandro Brito, and Jalaine Garcia, P.A., for petitioners.

Weiss Serota Helfman Cole & Bierman, P.L., and Laura K. Wendell, for respondent.

Before LOGUE, GORDO, and LOBREE, JJ.

PER CURIAM.

Jonathan and Marsha Javitt petition this court for second-tier certiorari

review of the circuit court appellate division's per curiam affirmance of an order of enforcement issued by the North Bay Village Code Enforcement Division. Based on our review of the record, including the petition for writ of certiorari, response, and reply, and applying the narrow standard of review applicable in second-tier certiorari proceedings, we conclude that the petition must be denied. See Futch v. Fla. Dep't of Highway Safety & Motor Vehicles, 189 So. 3d 131, 132 (Fla. 2016) ("We reassert that 'second-tier certiorari should not be used simply to grant a second appeal; rather, it should be reserved for those situations when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.'" (quoting Nader v. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 717 (Fla. 2012))); Somerset Acad., Inc. v. Miami-Dade Cnty. Bd. of Cnty. Comm'rs, 314 So. 3d 597, 599 (Fla. 3d DCA 2020) ("[A] circuit court order that . . . provides a result without a written opinion and therefore cannot act as precedent in future cases, will generally not merit certiorari review in the district court, even if the district court might disagree with the result." (quoting Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So. 2d 141, 145 (Fla. 2d DCA 2002))); Dep't of Highway Safety & Motor Vehicles v. Hofer, 5 So. 3d 766, 772 (Fla. 2d DCA 2009) ("A circuit court's decision will generally not merit certiorari review if it is issued without a written opinion or is

2

particularly fact-dependent or fact-specific because it lacks precedential value."); <u>State Farm Mut. Auto. Ins. Co. v. CC Chiropractic, LLC</u>, 245 So. 3d 755, 758 (Fla. 4th DCA 2018) (stating that due process inquiry on second-tier certiorari review addresses whether circuit court afforded due process); <u>Kirrie v. Indian River Cnty. Code Enf't Bd.</u>, 104 So. 3d 1177, 1180 (Fla. 4th DCA 2012) (holding that whether code enforcement board failed to accord property owners procedural due process was not reviewable in second tier certiorari proceeding).

Denied.