DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Petitioner,

v.

**CC CHIROPRACTIC, LLC** a/a/o **ISLANDE NAPOLEON,**
Respondent.

No. 4D18-221

[March 14, 2018]

Petition for writ of certiorari to the Seventeenth Judicial Circuit, Broward County; Martin Bidwill, Carlos Rodriguez and Raag Singhal, Judges; L.T. Case No. 16-9306 CACE (AP).

Kenneth P. Hazouri of deBeaubien, Simmons, Knight, Mantzaris & Neal, LLP, Orlando, for petitioner.

No response required for respondent.

GROSS, J.

State Farm Mutual Automobile Insurance Company petitions for second-tier certiorari review from an unelaborated appellate decision of the circuit court affirming a county court's final judgment for a provider in an action for personal injury protection (PIP) benefits. We dismiss the petition because the standard for granting second-tier certiorari review is not met.

### *Background*

In 2011, following an automobile accident, State Farm's insured received chiropractic services from respondent, CC Chiropractic, LLC ("the provider"). Pursuant to an assignment of benefits from the insured, the provider directly billed State Farm $8,655 for the services.

State Farm paid $4,572.75 in PIP benefits, which was 80% of the amount State Farm determined was reasonable. *See* § 627.736(1)(a), Fla. Stat. (2010) (requiring PIP insurers to pay "[e]ighty percent of all reasonable expenses for medically necessary medical, surgical, X-ray,

dental, and rehabilitative services"). In calculating the reasonable expenses, State Farm used 200% of the allowable amount under the 2011 Medicare fee schedule. *See* § 627.736(5)(a)(2)(f) (allowing an insurer to limit reimbursement to 80 percent of "the allowable amount under the participating physicians schedule of Medicare Part B.").

In 2014, the provider filed a breach of contract action in county court seeking the full amount of its charges. The parties stipulated that the provider's services were medically necessary and related to the insured's accident.

The provider moved for summary judgment arguing that State Farm had improperly applied the statutory cap on reimbursement because the fee schedule had not been incorporated into the policy in this case. *See Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc.*, 141 So. 3d 147, 158 (Fla. 2013) (concluding that insurer was not permitted to limit reimbursements to the Medicare fee schedules where the policy made no reference to the fee schedules and provided no notice of its election to use the fee schedules); *see also Kingsway Amigo Ins. Co. v. Ocean Health, Inc.*, 63 So. 3d 63 (Fla. 4th DCA 2011). The provider contended that no genuine issue of material fact existed as to the reasonableness of its charges.

The provider attached an affidavit from its corporate representative averring that the charges for each of the services was reasonable and within the usual and customary range for providers in that geographical area in 2011. The representative was the director of billing for the provider and for several similar facilities. According to the affidavit, he had reviewed market surveys and researched billing practices of other providers in the community. He had worked for more than 10 years in medical billing and had personal knowledge of the reasonable, usual, and customary prices charged by other providers in the community for the services at issue. The prices were based in part on the market surveys and the 75th percentile of the Physician Fee Reference Guide in 2010.

State Farm filed a memorandum opposing summary judgment arguing that the reasonableness of the charges presented a jury question. In support of the motion, it filed an affidavit from a chiropractor (Dr. Bradley Simon) opining that the provider's charges were excessive and unreasonable. Simon's affidavit stated that he relied on his 15 years of experience providing chiropractic care in the community, the usual and customary charges and rates accepted by his practice, and his knowledge of the market and reimbursement rates in South Florida. He explained that during the last 4 to 5 years nearly all PIP insurers he had billed paid him 200% of the Medicare Part B fee schedule. He had accepted payments

from Health Maintenance Organizations (HMOs) at less than 100% of the Medicare fee schedule, and Preferred Provider Organizations (PPOs) have paid him at rates less than 200% of the Medicare schedule. He explained that, during the period at issue in this case, his own practice had voluntarily accepted the reimbursement rate used by State Farm in this case, and in his opinion, this reimbursement rate was reasonable.[1]

The county court entered an order granting the provider's motion for summary judgment. The court agreed that there was no genuine issue of material fact as to the reasonableness of the charges. The court explained that the provider had met its initial burden of establishing that its charges were within the reasonable range for the services.

The county court concluded that State Farm had not carried its burden of coming forward with contrary evidence to create a factual issue. The court noted that State Farm had not identified any authority, and the court was aware of none, supporting the argument that reasonableness of a provider's charge in a PIP case is always a jury question. The court noted that multiple county courts had granted summary judgment as to reasonableness in PIP cases and had not been reversed by the circuit court. It also noted that, in *United Auto. Ins. Co. v. Hallandale Open MRI, LLC*, 145 So. 3d 997 (Fla. 4th DCA 2014), this Court denied second-tier certiorari review of a circuit court's affirmance of summary judgment on reasonableness in a PIP case.[2]

As to State Farm's reliance on Dr. Simon's affidavit, the county court ruled that Dr. Simon was not qualified to give an expert opinion on the reasonableness of the charges. The court found State Farm did not establish that Simon's testimony satisfied section 90.702, Florida Statutes (2013), or *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993), and its progeny, for admitting expert opinion testimony. The court noted that Simon's affidavit relied on what he charges and what he has been reimbursed for identical services at his facility. The court found this testimony did not qualify to be admitted as expert opinion testimony and was more akin to "pure opinion" testimony that has been rejected by the legislature. *See Perez v. Bell S. Telecomm., Inc.*, 138 So. 3d 492, 497 (Fla. 3d DCA 2014). The court concluded, therefore, that Simon's affidavit

---

[1]  The affidavit states, "In many cases, my practice has and would continue to accept payment at less than the amount reimbursed by the carrier here. Based on this, it is my opinion that the fees billed in this case were excessive and unreasonable in regards to their price."

[2]  A denial of discretionary second-tier certiorari review should not be construed to mean that we approve of the underlying decisions.

could not be considered and did not create a genuine issue of material fact as to the reasonableness of the provider's charges.

The county court then entered a final judgment in the provider's favor for $2,351.43 (the difference between 80% of the provider's full charge and what State Farm had paid) plus pre-judgment interest.

State Farm appealed to the circuit court. After full briefing, the circuit court issued a per curiam opinion affirming, without explanation. The circuit court denied State Farm's motion for rehearing.

State Farm now petitions this court for second-tier certiorari review of the circuit court's appellate decision.[3] State Farm argues: (1) the circuit court disregarded evidentiary standards and burdens governing summary judgment proceedings, and Dr. Simon's affidavit "unquestionably" created a triable issue of fact as to the reasonableness of the charges; (2) the circuit court's alleged error in affirming the final judgment departs from the essential requirements of law resulting in a miscarriage of justice; and (3) the circuit court denied State Farm procedural due process by affirming the trial court's decision to strike Dr. Simon's testimony.

### *Analysis*

The decision in this case is driven by the narrow scope of second-tier certiorari review of a circuit court acting in its appellate capacity. As we have previously observed:

> Second-tier certiorari is not a second appeal; it is extraordinarily limited, and narrow in scope. *See Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1093–94 (Fla. 2010); *see also Achord v. Osceola Farms Co.*, 52 So. 3d 699 (Fla. 4th DCA 2010). Review is limited to whether the circuit court afforded procedural due process and whether it applied the correct law, or stated another way, whether the court departed from a clearly established principle of law. *Custer*, 62 So. 3d at 1092. To be a departure from a clearly established principle of law, the error must be so serious that it results in a miscarriage of justice. *Id.* at 1093. Ordinary legal errors, or application of the correct law incorrectly under

---

[3]  About the same time, the circuit court issued a number of opinions affirming judgments entered in the same or similar circumstances. Including this case, State Farm has filed a total of 58 second-tier certiorari petitions raising the same or similar arguments.

- 4 -

the facts, are not sufficient grounds for a district court to grant second-tier certiorari. *Id.* Circuit courts are intended to have final appellate jurisdiction over county court cases.

*Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto. Ins. Co.*, 103 So. 3d 866, 868 (Fla. 4th DCA 2012).

Here, State Farm's appeal to the circuit court challenged the county court's application of a procedural rule and an evidentiary statute: the former is reviewed de novo, and the latter under an abuse of discretion standard. Assuming that the county court made legal errors, the circuit court's per curiam affirmance was not a violation of a clearly established principle of law resulting in a miscarriage of justice so as to permit our review by second-tier certiorari. *See State v. Leroy*, 819 So. 2d 169, 171 (Fla. 4th DCA 2002); *State Farm Mutual Auto. Ins. Co. v. Pembroke Pines MRI, Inc.*, 171 So. 3d 814, 817 (Fla. 4th DCA 2015).

State Farm's arguments for reversing the county court's ruling amount to an attempt at a second appeal. State Farm fails to show that the circuit court failed to apply the correct law. At best, State Farm argues that the circuit court committed an ordinary legal error through its affirmance. Nothing shows that the circuit court applied the incorrect law as opposed to applying the correct law incorrectly under the facts.

State Farm effectively asks us to review the correctness of the county court's decision. Even if we agreed that State Farm had shown a genuine issue of material fact regarding the reasonableness of the charges, the limited scope of second-tier certiorari review does not permit us to grant a second appeal. We emphasize that, in declining review, we express no opinion on the correctness of the decisions below.

Similarly, State Farm's arguments concerning a denial of procedural due process are directed not at what occurred on appeal at the circuit court level, but at the proceedings in county court. State Farm contends that the county court denied State Farm its due process right to call Dr. Simon as a witness at trial. This exceeds the scope of second-tier certiorari review. *See Stranahan House, Inc. v. City of Fort Lauderdale*, 967 So. 2d 1121, 1127 (Fla. 4th DCA 2007); *Pharmcore, Inc. v. City of Hallandale Beach*, 946 So. 2d 550, 552 (Fla. 4th DCA 2006). The petition does not show that the circuit court denied State Farm notice or a meaningful opportunity to be heard in the appeal.

In addition, the circuit court's per curiam affirmance means that "the decision cannot serve as precedent in another proceeding." *Stilson v.*

*Allstate Ins. Co.*, 692 So. 2d 979, 981 (Fla. 2d DCA 1997). This makes it unlikely to merit the extraordinary remedy of second-tier certiorari. *Dep't of Highway Safety & Motor Vehicles v. Hofer,* 5 So. 3d 766, 772 (Fla. 2d DCA 2009) ("A circuit court's decision will generally not merit certiorari review if it is issued without a written opinion or is particularly fact-dependent or fact-specific because it lacks precedential value.").

The Florida Supreme Court has strongly cautioned district courts against expanding second-tier certiorari jurisdiction.

> "[A]ppellate courts must exercise caution not to expand certiorari jurisdiction to review the correctness of the circuit court's decision." *Nader v. Dep't of Highway Safety & Motor Vehs.*, 87 So. 3d 712, 723 (Fla. 2012); *see also Haines City Cmty. Dev. v. Heggs,* 658 So. 2d 523, 526 (Fla. 1995). "[T]he departure from the essential requirements of law necessary for the issuance of a writ of certiorari is something more than a simple legal error." *Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 889 (Fla. 2003) (citing *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 682 (Fla. 2000)). Certiorari is appropriate "*only* when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." *Id.*

*Futch v. Florida Dep't of Highway Safety & Motor Vehicles*, 189 So. 3d 131, 132 (Fla. 2016) (quashing a district court decision that granted second-tier certiorari where no miscarriage of justice existed). Here, State Farm asks us to expand certiorari jurisdiction and effectively grant a second appeal to review the correctness of the county court's decision granting summary judgment on a PIP claim for just over $2,300.

Even if a legal error occurred, no miscarriage of justice exists. If it has not done so already, in any future cases, State Farm may achieve the result it seeks (that is, capping reimbursement to providers at 200% of the applicable fee schedule) by clearly electing this option in its policies. *See Virtual Imaging*, 141 So. 3d at 158. It would be inappropriate for us "to announce a 'miscarriage of justice' simply to provide precedent where precedent is needed." *Stilson,* 692 So. 2d at 983.

To the extent that existing law provides a way for us to review county court decisions, it exists in section 34.017, Florida Statutes (2017), and Florida Rule of Appellate Procedure 9.160. *Id.* The statute and rule permit the county court to certify questions that have "statewide application" and are of "great public importance" **or** "[w]ill affect the uniform administration

of justice." § 34.017(1)(a) & (b), Fla. Stat (2017). As Judge Altenbernd has written:

> [Section 34.017] is similar to the constitutional provision allowing district courts to invoke the supreme court's jurisdiction by certifying a question of great public importance. Art. V, § 3(4), Fla. Const. In the district court context, however, the questions are presented in published opinions that serve as statewide precedent. In the county court context, the questions are presented in unpublished orders encouraging the district courts to create precedent. Thus, the concept of a question of great public importance in section 34.017 is somewhat broader than in the constitution. County court judges should understand that this provision can be used to create precedent needed for the orderly administration of justice in their courts. We rely upon them to screen their cases so that the district courts may receive an occasional appeal rather than numerous petitions for certiorari.

*Stilson*, 692 So. 2d at 983.

*Petition for writ of certiorari is dismissed.*

MAY and KUNTZ, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**