# Third District Court of Appeal

## State of Florida

Opinion filed December 23, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-1053
Lower Tribunal No. 17-265
_____

**Somerset Academy, Inc., et al.,**
Petitioners,

vs.

**Miami-Dade County Board of County Commissioners,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Appellate Division, Marcia B. Caballero, Dawn V. Denaro, and Jason E. Dimitris, Judges.

Holland & Knight LLP., and Juan J. Mayol and Alan Krischer and Scott D. Ponce, for petitioners.

Abigail Price-Williams, Miami-Dade County Attorney, and Lauren E. Morse and Dennis A. Kerbel, Assistant County Attorneys, for respondent.

Before FERNANDEZ, GORDO and LOBREE, JJ.

PER CURIAM.

Somerset Academy, Inc. and The University Baptist Church, Inc. (collectively

"Somerset") seek second-tier certiorari review of the circuit court appellate division's order denying their petition for first-tier certiorari review of the denial of a special exception to build a public charter school by the Miami-Dade County Board of County Commissioners (the "County Commission"). Because the circuit court afforded procedural due process and applied the correct law, we deny the petition.

Somerset requested a special exception and a modification of use conditions to develop and operate a public charter school and an accompanying religious facility. After a zoning hearing, the County Commission denied the requests, finding that neither the exception nor the modification "would . . . be compatible with the area and its development." Somerset sought certiorari review in the circuit court appellate division, which denied the relief sought without written opinion.

As the Florida Supreme Court has explained, we "review . . . the circuit court's judgment . . . [to] determine[] whether the circuit court [1] afforded procedural due process and [2] applied the correct law." City of Deerfield Beach v. Vaillant, 419 So. 2d 624, 626 (Fla. 1982). Nevertheless, "second-tier certiorari should not be used simply to grant a second appeal; rather, it should be reserved for those situations when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 717 (Fla. 2012).

2

Somerset alleges that the circuit court erred in denying its petition because the County Commission departed from the essential requirements of law in denying the site plan on grounds of "compatibility," as prescribed by its Code of Ordinances and the interlocal agreement between Miami-Dade County and its School Board. It argues that the County Commission did not have discretion to deny its application for a public charter school under section 1013.33(7), Florida Statutes (2016), but instead could only impose conditions on what Somerset interprets to be a mandated approval.

Somerset argues that the County Commission was required to follow section 1013.33(7) in contravention of its interlocal agreement and code's alternative process, established pursuant to section 1013.33(8). Although Somerset denies this characterization of its argument, this ultimately amounts to a preemption challenge. Cf. D'Agastino v. City of Miami, 220 So. 3d 410, 421 (Fla. 2017) (observing that preemption arises precisely because state legislature is constitutionally superior to local government); City of Palm Bay v. Wells Fargo Bank, N.A., 114 So. 3d 924, 928 (Fla. 2013) (observing that when ordinance "flies in the face of state law" and cannot be reconciled with it, there is preemption and it "cannot be sustained") (quoting Barragan v. City of Miami, 545 So. 2d 252, 255 (Fla. 1989)). However, because certiorari is not the proper vehicle for such a challenge, the circuit court did not depart from the essential requirements of law in denying Somerset's petition on

3

this basis.[1]  See First Baptist Church of Perrine v. Miami-Dade County, 768 So. 2d 1114, 1115 n.1 (Fla. 3d DCA 2000) ("We decline to address the merits of this issue because a petition for certiorari is not the proper procedural vehicle to challenge the constitutionality of this ordinance . . . [which] must be determined in original proceedings before the circuit court, not by way of a petition for writ of certiorari."); Miami-Dade County v. Omnipoint Holdings, Inc., 863 So. 2d 195, 199 (Fla. 2003).

Further, "a circuit court order that . . . provides a result without a written opinion and therefore cannot act as precedent in future cases, will generally not merit certiorari review in the district court, even if the district court might disagree with the result." Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So. 2d 141, 145 (Fla. 2d DCA 2002); Dep't of Highway Safety & Motor Vehicles v. Hofer, 5 So. 3d 766, 772 (Fla. 2d DCA 2009) ("A circuit court's decision will generally not merit certiorari review if it is issued without a written opinion or is particularly fact-dependent or fact-specific because it lacks precedential value."); United Auto. Ins. Co. v. Santa Fe Med. Ctr., 21 So. 3d 60, 63 (Fla. 3d DCA 2009) (granting certiorari only because "'circuit court's decision establishes a rule of general application' for

---

[1] We express no view of the merits of Somerset's argument that section 1013.33(7) preempts the interlocal agreement's procedure. "It would be inappropriate for us 'to announce a miscarriage of justice simply to provide precedent where precedent is needed.'" State Farm Mut. Auto. Ins. Co. v. CC Chiropractic, LLC, 245 So. 3d 755, 760 (Fla. 4th DCA 2018) (quoting Stilson v. Allstate Ins. Co., 692 So. 2d 979, 983 (Fla. 2d DCA 1997)).

future county court cases, 'thus exacerbating the effect of the [circuit court appellate panel's] legal error'") (quoting <u>Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic</u>, 913 So.2d 1281, 1287 (Fla. 2d DCA 2005)).

Petition denied.