# Third District Court of Appeal
## State of Florida

Opinion filed September 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1176
Lower Tribunal Nos. 21-207-K; DOAH 17-3578 & DOAH 20-2039

_____

**Dalk Land, L.P.,**
Petitioner,

vs.

**Peter G. Giampaoli, Elizabeth C. Giampaoli, and Monroe County Planning Commission,**
Respondents.


On Petition for Writ of Certiorari from the Circuit Court for Monroe County, Appellate Division,  Timothy J. Koenig, Judge.

Hinshaw & Culbertson LLP, and James H. Wyman, B.C.S. and Irain J. Gonzalez, for petitioner.

Jones Foster P.A., and Robert W. Wilkins, B.C.S., (West Palm Beach), for respondents Peter G. Giampaoli and Elizabeth C. Giampaoli; Peter H. Morris, Assistant Monroe County Attorney, for respondent Monroe County Planning Commission.


Before LOGUE, LINDSEY, and BOKOR, JJ.

LOGUE, J.

Petitioner, Dalk Land, L.P., seeks second-tier certiorari review of a circuit court appellate decision quashing a final order entered by the Florida Division of Administrative Hearings ("DOAH") administrative law judge ("ALJ"). The circuit court found the ALJ departed from the essential requirements of law by creating a procedure to review a matter beyond the scope of its limited appellate authority. Given the high standard for second-tier certiorari review, we are compelled to deny the petition.

On second-tier certiorari, the "'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995)). The departure from the essential requirements of law necessary for granting second-tier certiorari "is something more than a simple legal error," it must involve the violation of "a clearly established principle of law resulting in a miscarriage of justice." Id. "Ordinary legal errors, or application of the correct law incorrectly under the facts, are not sufficient grounds for a district court to grant second-tier certiorari." State Farm Mut. Auto. Ins. Co. v. CC Chiropractic, LLC, 245 So. 3d 755, 758 (Fla. 4th DCA

2018) (quoting <u>Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto. Ins. Co.</u>, 103 So. 3d 866, 868 (Fla. 4th DCA 2012)).

Dalk Land argues that the circuit court departed from the essential requirements of law by misinterpreting DOAH's appellate jurisdiction under Monroe County Code § 122-9. We discern no such departure from the essential requirements of law in the circuit court's decision quashing the decision of the administrative law judge. Section 122-9 provides that "[t]he Division of Administrative Hearings (DOAH) shall have the authority to hear and decide appeals from administrative actions regarding the floodplain management provisions of this Land Development Code." The issue presented to DOAH on appeal did not specifically concern the floodplain management provisions of Monroe County's Land Development Code. Instead, the issue concerned which version of the Land Development Code and Florida Building Code governed issuance of the revised permits.

It was undisputed by all that the revised permits did not comply with, as relevant here, the floodplain management provisions of the Land Development Code in effect at the time the revised permits were issued. Thus, as the administrative law judge himself recognized in the quashed final order, "it [was] not necessary, for purposes of this case, to make findings of fact as to how, specifically [the development authorized under the revised

3

permits] failed to meet the [2017 floodplain management provisions]." This was because the appeal did not, in fact, concern "administrative actions regarding the floodplain management provisions."

Given the narrow scope of our review in this case, we deny Dalk Land's petition for certiorari review.

Petition denied.