# Third District Court of Appeal

## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1484
Lower Tribunal No. 21-155-M
_____

**Heidi Valdes,**
Petitioner,

vs.

**City of Marathon, Florida, etc., et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

deBeaubien, Simmons, Knight, Mantzaris & Neal, LLP, and Lindsay A. Moczynski, Bart R. Valdes, and P. Hayden Haskins (Tampa), for petitioner.

Smith / Hawks, PL, and Christopher B. Deem and Barton Smith, for respondent Florida Keys Animal Encounters, LLC; Steven T. Williams, City Attorney, for respondent City of Marathon.

Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

LOGUE, C.J.

In this second-tier certiorari case, Heidi Valdes petitions for a writ of certiorari to overturn a decision of the Circuit Court denying Valdes' petition for certiorari seeking to quash Marathon City Resolution 2021-75 and related decisions.

The City Resolution and the related decisions concern a property owned by the respondent, Florida Keys Animal Encounters, LLC, fronting the US 1 corridor in the City of Marathon. The property was being used as a commercial "amusement and sealife park" and "marine educational facility" with a 2,800 square foot building serving as an "Animal Encounter Center." The Resolution at issue grants a conditional use variance to allow expansion and modification of the use to include an additional 24,806 square foot building to serve as offices, classrooms, laboratories, and warehouse space for aquariums which will, according to a staff report, support among other things "coral propagation, [and] manatee rehabilitation." Valdes characterizes this change as actually serving little more than an expansion of a "commercial aquarium fish enterprise."

To accommodate the new use, Florida Keys Animal Encounters had to obtain a conditional use variance. The primary focus when determining whether a conditional use should be allowed is the "compatibility of the use in its proposed location . . . ." Marathon, Fla., Municipal Code, app. A, ch.

102, art. 102-13, § 102.71 (2024). Valdes argues that the provisions of the Marathon Code governing the granting of a conditional use permit were not properly followed, including the requirement that the staff state in writing that the "proposed use is substantially similar to a described permitted or conditional use in that particular zoning district." Id.

The property at issue is in a "mixed-use" zoning district "designed to accommodate a wide variety of commercial and retail activities that will result in the most efficient and attractive use of the City's historic business district and the US 1 corridor, in an effort to recognize the role of US 1 as the City of Marathon's 'Main Street.'" Marathon, Fla., Municipal Code, app. A, ch. 103, art. 103-2, § 103.09(A) (2024). It is surrounded on the north by residential condominiums, on the south by a restaurant and a fishing/party boat charter, and on the west by an auto store and vacant State land.

Rule 9.030(b)(2)(B) of the Florida Rules of Appellate Procedure, provides that this Court has "certiorari jurisdiction" to "review . . . final orders of circuit courts acting in their review capacity." This "second-tier" of certiorari jurisdiction is not an opportunity to re-do the first level of appellate review: it does not provide "a second appeal." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 529 (Fla. 1995). Instead, "[a]s a case travels up the judicial ladder, review should consistently become narrower, not broader." Id. at 530.

3

Accordingly, on second-tier certiorari, the "'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Heggs, 658 So. 2d at 530).

There are several notable aspects to this sort of limited review. First, second-tier certiorari is a review of the circuit court's decision, not the decision of the underlying tribunal. For this reason, second-tier certiorari does not address whether the underlying tribunal's decision is supported by substantial competent evidence: "The standard of review for certiorari in the district court effectively eliminates the substantial competent evidence component." Heggs, 658 So. 2d at 530.

Finally, somewhat counterintuitively, the departure from the essential requirements of law necessary for granting second-tier certiorari "is something more than a simple legal error," it must involve the violation of "a clearly established principle of law resulting in a miscarriage of justice." Custer Med. Ctr., 62 So. 3d at 1092. "Ordinary legal errors, or application of the correct law incorrectly under the facts, are not sufficient grounds for a district court to grant second-tier certiorari." State Farm Mut. Auto. Ins. Co. v. CC Chiropractic, LLC, 245 So. 3d 755, 758 (Fla. 4th DCA 2018) (quoting

4

Advanced Chiropractic & Rehab. Ctr., Corp. v. United Auto. Ins. Co., 103 So. 3d 866, 868 (Fla. 4th DCA 2012)). Nevertheless, "[t]his standard, while narrow, also contains a degree of flexibility and discretion" because it often involves "a reviewing court [ ] drawing new lines and setting judicial policy as it individually determines those errors sufficiently egregious or fundamental to merit the extra review and safeguard provided by [second-tier] certiorari." Heggs, 658 So. 2d at 530–31.

Applying this law to the instant case, Valdes challenged the City's actions in the quasi-judicial proceedings before the City Commission, and then obtained review of the City's actions before the Circuit Court serving as an appellate court. She is not entitled to a "second appeal." The Circuit Court decision under review did not ignore the sections of the City Code relied upon by Valdes, but rather specifically addressed them in a thoughtful twelve-page opinion. Even if we were to conclude that the Circuit Court erred in analyzing those provisions, which we do not, we still could not conclude that the Circuit Court denied Valdes procedural due process or failed to apply the correct law in a manner that resulted in a miscarriage of justice.

Denied.