# Third District Court of Appeal

## State of Florida

Opinion filed September 3, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0759
Lower Tribunal No. 2024-AP-12-P
_____

## Islamorada, Village of Islands and MM82.790 LLC,
Petitioners,

vs.

## Mary Barley Family Trust and Prinston LLC,
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Monroe County, Timothy Joseph Koenig, Judge.

TY Harris P.A., and TY Harris, for petitioner MM82.790 LLC; Weiss Serota Helfman Cole & Bierman, P.L., and Richard Rosengarten, John J. Quick, and Laura K. Wendell, for petitioner Islamorada, Village of Islands.

Coffey Burlington, P.L., and Paul J. Schwiep and Jeffrey B. Crockett, for respondents.

Before LOGUE, GORDO, and BOKOR, JJ.

LOGUE, J.

Islamorada, Village of Islands ("the Village"), and MM82.790 LLC ("the Applicant") petition for a second-tier writ of certiorari to quash a writ of certiorari issued by the circuit court. The writ they seek to quash in turn quashed the Village's decision to grant the Applicant's request to abandon part of a road and revert the land back to the Applicant. Based on the limited form of review provided by second-tier certiorari, we deny the petition.

The Applicant operates a retail store called the Sandal Factory on its land, which is located on the east side of the Overseas Highway with an address of 82800 Overseas Highway. The right-of-way subject to the abandonment application at issue was historically known as "Orange Street." The part of Orange Street at issue is a 200-foot-long and 20-foot-wide strip of land along the front of the Applicant's property, lying between the Applicant's property and the Overseas Highway. Thus, while the address of the Applicant's property suggests the property fronts on the Overseas Highway, it in fact fronts on the strip of land formerly known as Orange Street, which strip of land actually fronts on the Overseas Highway.

"Orange Street" was originally established to be a public right-of-way that ran along the east side of the land on which the Flagler Overseas Railway was built. When the Flagler Overseas Railroad was replaced by the

2

Overseas Highway, the need and use of Orange Street as a north-south corridor, at least for motor vehicles, was reduced if not eliminated.

As a result, Orange Street for the most part became treated as a swale to the Overseas Highway. In some places, the swale is used for perpendicular parking for the businesses along the Overseas Highway; in other places, it contains a paved bicycle and pedestrian path; and in some places, it has been abandoned by the Village.

In the proceedings before the Village Counsel, the Village's zoning professionals recommended the application for abandonment be granted. Several local property owners supported the application. Several other local property owners, however, objected, including the Respondents, namely the Mary Barley Family Trust and Prinston LLC (hereinafter, "the Objectors"). The Objectors maintained they owned property with addresses facing and within 50 feet of the Applicant's property on streets bordering the Applicant's property to the north and west. The Objectors averred they used the portion of Orange Street at issue for bicycle and pedestrian access and would lose such access if the road was abandoned. Over their objection, the Village granted the abandonment application.

The Respondents filed a petition for certiorari in the circuit court seeking to quash the Village's order granting the abandonment application.

The circuit court issued the writ and quashed the Village's grant of the application. It did so relying on the controlling Village ordinances which provide that, while abandonment shall be based on a finding of "no public interest in continued access by such right-of-way or easement[,]" "[t]he abandonment shall not be granted unless all affected property owners agree to the abandonment." Code of Ordinances, Islamorada, Village of Islands, Florida, § 50-56(a), (b). "Affected property owner" is defined, in part, as "a property owner adjacent to the applicant's property or who, by virtue of a proposed abandonment will . . . have access which is currently used by that property owner eliminated [by the abandonment.]" Code of Ordinances, Islamorada, Village of Islands, Florida, § 50-55(a). Although the term "adjacent" is not defined in Article 50-IV, pertaining to "Abandonment of Rights-of-Way and Easements," "adjacent land" is defined in another provision of the Code, which also provides that "an intervening road, right-of-way, easement or canal shall not destroy the adjacency of the two parcels." Code of Ordinances, Islamorada, Village of Islands, Florida, § 30-32.

Finding that a statement by the Village Planning Director that all affected property owners agreed to the abandonment foreclosed the Counsel from deciding this issue, the circuit court found that the Village

4

violated the essential requirements of law by failing to properly consider and decide whether the Objectors qualified as "affected property owners." As a reviewing court, the circuit court refrained from deciding this issue itself in the first instance.

The Village and the Applicant then filed the petition at issue. They assert that the circuit court order should be quashed because the Objectors' comments in the administrative proceeding should be interpreted as asserting they were "affected property owners" only because they claimed to have access that was being eliminated and therefore the Objectors waived any argument that they were "affected property owners" because they owned adjacent property.

Rule 9.030(b)(2)(B) of the Florida Rules of Appellate Procedure, provides that district courts of appeal have "certiorari jurisdiction" to "review . . . final orders of circuit courts acting in their review capacity." Such second-tier certiorari review, however, does not provide "a second appeal." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 529 (Fla. 1995). Instead, "[a]s a case travels up the judicial ladder, review should consistently become narrower, not broader." Id. at 530.

Accordingly, on second-tier certiorari, the "'inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit

5

court applied the correct law,' or, as otherwise stated, departed from the essential requirements of law." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092 (Fla. 2010) (quoting Haines City Cmty. Dev., 658 So. 2d at 530).

Moreover, the departure from the essential requirements of law necessary for granting second-tier certiorari "is something more than a simple legal error," it must involve the violation of "a clearly established principle of law resulting in a miscarriage of justice." Custer Med. Ctr., 62 So. 3d at 1092. "Ordinary legal errors, or application of the correct law incorrectly under the facts, are not sufficient grounds for a district court to grant second-tier certiorari." State Farm Mut. Auto. Ins. Co. v. CC Chiropractic, LLC, 245 So. 3d 755, 758 (Fla. 4th DCA 2018) (quoting Advanced Chiropractic & Rehab. Ctr., Corp. v. United Auto. Ins. Co., 103 So. 3d 866, 868 (Fla. 4th DCA 2012)).

Under the limited form of review provided by second-tier certiorari, we find the circuit court's ruling does not rise to the level of a "miscarriage of justice" required to issue a writ on second-tier certiorari review. The circuit court's characterization of the administrative record is not so clearly erroneous, and its ruling does not bar the Applicant from returning this matter to the Village Council to consider and decide whether the Objectors qualified

6

as "affected property owners" because their property qualified as being adjacent to the Applicant's property. See generally Valdes v. City of Marathon, 394 So. 3d 135, 137 (Fla. 3d DCA 2024).

Denied.